Lipscomb, J.
Martin, as administrator, sued Briggam & Price as joint makers of a note with McGuffin, he being dead. Brigham & Price in their answer alleged that they were only securities for McGuihn, and that the consideration for which the note was given was the purchase of certain slaves; and that McGuffin had given a deed of trust on the negroes as security for the payment of the money, and that the negroes .were in the hands of the administrator of McGuffin; they prayed that the trust might be executed by the sale of the negroes, and that the money arising from the sale be applied to the satisfaction of the debt sued for, and alleged that the slaves would sell for more than sufficient to satisfy the same; they prayed that in the mean time proceedings be enjoined as to themselves. The injunction was granted, and an interlocutory decree made, directing the sale of the slaves mentioned in the deed of trust. Tile plaintiff reported''to the court that the sale had been made, and after paying tiie debt due to his intestate, there was a balance loft in his hands subject to the order of the court. He at the same time presented his account for commissions, costs of suit, and other incidental expenses, which lie prayed should be allowed and deducted from the funds in bis hands. The account was excepted to in behalf of McGuffin’s administrator, and it was reduced, and *14 only in part allowed. The court then. October Term, 1840, entered a final decree in (.ho case, decreeing; among; other matters that llie balance of the money in (he hands of the plainliil'should be paid over to (he clerk of (he court, by him to be handed over to the administrator of MeGnffin. The plaintiff filial a petition for a writ of error, hut no cilation was issued to the opposite parly, and so the case stood until October Term, 1850, when a motion was entered by die clerk of the court, in behalf of the administrator of HcGuffin, for an order of execution against the plainliil to collect from him the amount that he had been ordered to pay into the clerk’s office by the final decree of October, 1840, in this case. The motion was granted, and in making the order it is stated that (lie parly had due notice of the motion. The record does not show that any opposition was made. The plaintiff appealed.
It does not appear from the record, that any steps had been taken to consummate the writ of error claimed to have a revision in the Supreme Court of the final decree. The inference, however, would be, from (lie silence of the plaintiff and from his not interposing it (if still pending in the Supreme Court) lo (lie motion made against him in October, 1S50, that it liad not been taken up. But we are not left in doubt on this subject, because the appellant in his brief states that the transcript of the record in that case had not been sent to this court, owing to circumstances that cannot be considered by us. It would seem (lien, that we have nothing before us but what is growing out of the last order taken, awarding an execution against the appellant. And we cannot examine any errors that may have intervened previously to (he final decree disposing of the case. This order, now under revision, was only to enforce satisfaction; it is a matter subsequent to the final decree. (See Cloud v. Smith and Scott v. Allen, 1 Tex. R.) We piust therefore disregard all the errors assigned (o the proceedings down to the final decree inclusive, and confine our attention to those that call in question the correctness of the order for execution. The a ppeUan t objects that the notice was not sufficient; that it was too short. It does not, however, appear that any objection of this sort was made in the court below, and we are therefore not authorized to presume that lie suffered any prejudice from a want of sufficient time to make his defense. The law not providing any specific time that notice should be given before the court acted on (he motion, we must conclude that it was sufficient. Under the circumstances as presented by the record, the court might have resorted to more stringent means of enforcing obedience to its final.decree, but having resorted to the milder one of process of execution, the appellant has no right to complain that the harsher remedy had not been adopted.
The decision of the court below in awarding execution is affirmed.
Judgment affirmed.