### F. M. Henry & Wife v. Red Water Lumber Company.

Decided April 24, 1907.

**1.—Dormant Judgment—Revival by Assignee.**

The assignee of a dormant judgment has sufficient interest therein to support his action to revive it by scire facias.

**2.—Continuance.**

There was no error in refusing an application for continuance to obtain the testimony of a witness that the judgment rendered against him by the Appellate Court on reversal was afterwards, on receipt of the mandate, made the judgment of the lower court without further citation or notice to him, when such facts appeared of record.

**3.—Appeal—Judgment Rendered—Adoption by Lower Court.**

When a judgment was appealed from and reversed and rendered against appellee, it was proper practice for the lower court, on receiving the mandate and judgment, to enter the latter of record without further notice or citation to the appellee, and to proceed to enforce it (Rev. Stats., art. 1035), and such record is admissible as evidence of the judgment.

**4.—Limitation—Judgment—Revival by Scire Facias.**

Scire facias to revive a judgment may be brought within ten years from its rendition, and the four years limitation is not applicable.

**5.—Assignment of Errors.**

An assignment embracing numerous distinct and separate alleged errors will not be considered.

**6.—Evidence—Location of Land.**

One having knowledge of the fact may testify that land described in the petition is embraced in that described in a judgment introduced in evidence, though not qualifying as an expert surveyor.

Appeal from the District Court of Bowie County. Tried below before Hon. P. A. Turner.

The application for continuance in this case was to obtain the testimony of defendant Henry, who was absent by reason of sickness, that the judgment against him in the District Court, on mandate from the Court of Civil Appeals showing that it was so rendered there, was entered without notice or new citation to him.

Appellant's sixth assignment asserted error in admitting the transfer of the judgment in question to the Red Water Lumber Company, and assigned some five reasons why it was not admissible.

The evidence of witness Rogers was that the land described in the petition was embraced in that involved in the judgment, and was objected to because he did not show that he was qualified as an expert surveyor nor how he knew the facts testified to.

*S. J. Henry,* for appellants.

*Rollin W. Rodgers,* for appellee.

EIDSON, ASSOCIATE JUSTICE.—This was an action of *scire facias* to revive a judgment of the Court of Civil Appeals, which judgment had been duly entered of record in the District Court, but upon which no process to enforce same had been issued within twelve months after rendition of said judgment. Appellee in its petition alleges that it was the owner of the judgment it was seeking to revive by purchase from the party in whose favor it was originally rendered. This sufficiently showed an interest in same entitling it to have such judgment revived.

There was no error in the action of the court overruling appellant's motion for a continuance, as the material facts desired to be proven by the absent witness appeared of record.

The action of the District Court in entering of record as its judgment the judgment of the Court of Civil Appeals, without citation or other notice to the parties against whom the judgment was rendered by the Court of Civil Appeals, was entirely proper, as such parties are in law regarded as having notice of all orders or judgments in the case affecting them, they being parties to the record and to such judgments. When the judgment of the trial court is reversed by the Court of Civil Appeals and judgment ren-

dered by that court, such judgment becomes also the judgment of the trial court in that case, as it is to be enforced by the latter court; hence, it is proper for the trial court to have the judgment of the Court of Civil Appeals entered of record upon its minutes as its judgment. (Sayles Rev. Stats., Art. 1035.) And, for the reasons above stated, the judgment as entered of record in the District Court was admissible in evidence on the trial of this cause. Appellee's petition alleged the rendition of the original judgment in the District Court, its appeal to the Court of Civil Appeals, the reversal of the judgment of the District Court, and rendition of judgment in favor of appellant in the case by the Court of Civil Appeals, and the entry of record in its minutes of the judgment of the Court of Civil Appeals by the District Court, and that appellee was the legal owner of said judgment, which allegations were sufficient as against a general demurrer.

The four years statute of limitation pleaded by appellant does not apply to an action of *scire facias* to revive a judgment. Such an action may be brought within ten years after the date of the judgment. (Sayles Rev. Stats., art. 3361.)

Appellant's 6th assignment of error is not entitled to consideration by this court, because it is in violation of Rules 29 and 30 of the Court of Civil Appeals, in that it embraces numerous distinct and separate alleged errors of the trial court, and submits the assignment as a proposition. (Rules of Court, 84 Texas, 701–2.)

Appellant's 7th assignment of error is overruled for reasons already stated.

There was no error prejudicial to appellant in the action of the court below in admitting in evidence the petition and judgment in cause No. 8645, as the assignment to appellee of the judgment involved in this suit had already been admitted in evidence, which established a right in appellee to have that judgment revived.

The testimony of R. W. Rogers, admission of which is complained of in the 9th assignment of error, was properly admitted. If he knew of his own personal knowledge the fact about which he testified, his testimony was competent, although he had no knowledge of surveying.

No reversible error being pointed out in the record, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.