**THORNDALE MERCANTILE CO. et al. v.
CONTINENTAL GIN CO.   (No. 799.)**

(Court of Civil Appeals of Texas. Beaumont.
April 17, 1922. Rehearing Denied
May 3, 1922.)

1. **Sequestration ⊙⇒16—Motion to recall and cancel execution on performance of judgment held sufficient to question validity.**

Where property had been seized under a chattel mortgage, and the mortgagor filed a redelivery bond, and took possession, and mortgagee obtained judgment which was appealed, and upon remand execution issued setting out that the mortgagor had not redelivered the property as provided in Rev. St. art. 7107, motions by mortgagor to be relieved from the judgment for having returned the mortgaged property, and to recall the execution, were sufficient to put in issue the validity of the execution, and to determine whether the property had been returned within the time given by the judgment, and refusal to pass on the issues was error.

2. **Sequestration ⊙⇒15—Mortgaged property levied on and returned to mortgagor on redelivery bond held delivered to sheriff within statutory time after judgment.**

Where, in an action by the mortgagee, mortgaged property was redelivered to the mortgagor on bond, and, on judgment for mortgagee, a return of the property within 10 days as provided by Rev. St. art. 7107, would have been an abandonment by the mortgagor of its appeal, and a return within 10 days after the rendition of judgment by the Court of Civil Appeals an abandonment of the right to file a petition for writ of error, in view of Rev. St. art. 1646, providing that the trial court does not acquire jurisdiction over judgments of the Court of Civil Appeals nor authority to execute its provisions until it has received the mandate from such court, where the mandate of the Court of Civil Appeals was filed in the trial court on January 13 the redelivery of the property to the sheriff on January 17 was within the 10-day period provided by article 7107.

3. **Sequestration ⊙⇒15—Mortgagor may redeliver property within 10 days after final judgment; "rendition of judgment."**

Under Rev. St. art. 7107, providing that defendant shall have the right at any time within 10 days after the rendition of judgment to deliver to the sheriff the property which he has bound himself to have forthcoming to abide the decision, "10 days after the rendition of judgment" means 10 days after such judgment becomes "final"; and, where an appeal is taken, the judgment does. not become final within the

meaning of the article until the mandate is received by the trial court from the appellate court.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Rendition of Judgment.]

4. **Appeal and error ⊙⇒1206—Trial court can execute judgment of appellate court before judgment copied into minutes.**

Under Rev. St. art. 1646, it is the duty of the officers of the trial court to execute the judgment of the Court of Civil Appeals "on receipt of the mandate," and the judgment of the Court of Civil Appeals need not be copied in the minutes before the trial court can execute its provisions.

5. **Execution ⊙⇒84—No error in execution following provisions of judgment.**

Where the terms of an execution followed literally the provisions of a judgment as entered by the Court of Civil Appeals, there was no error in the refusal of the trial court to cancel the execution because it was directed primarily against the principal debtor, and not the bondsman.

Appeal from District Court, Milam County; John Watson, Judge.

Suit by the Continental Gin Company against the Thorndale Mercantile Company and others. From an order denying motions of defendant named praying that it be relieved from liability under judgment, and that execution issued on judgment for plaintiff be recalled and canceled, defendant named appeals. Reversed and remanded.

W. A. Morrison, of Cameron, and O. D. Graham, of Thorndale, for appellant.

Coke & Coke, of Dallas, for appellee.

WALKER, J. On the 22d day of March, 1921, in cause No. 7253, Continental Gin Company v. Redville Gin Company et al. on the docket of the district court of Milam county, the Continental Gin Company sued out the following execution:

"The State of Texas to the Sheriff . or any Constable of Milam County—Greeting.

"Whereas, on the 28th day of January, 1918, the Continental Gin Company, a private corporation, recovered a judgment in cause No. 7253, in the district court of Milam county, Tex., against the Redville Gin Company, a private corporation, for the sum of $3,347.90, with interest from that date at the rate of 8 per cent. per annum; and

"Whereas, in said cause, and in the same said judgment, said Continental Gin Company recovered a judgment against the Thorndale Mercantile Company, Gus Newton, and G. A. Williamson, jointly and severally, for the sum of $3,923.50; and

"Whereas, on appeal from said judgment taken by said Thorndale Mercantile Company, Gus Newton, and G. A. Williamson to the Court of Civil Appeals for the Third Supreme Judicial District of Texas, at Austin, Tex., said

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

judgment was, to wit, on October 22d, 1919, by said last-named court reformed, and said judgment in said Continental Gin Company's favor and against said Thorndale Mercantile Company and Gus Newton and G. A. Williamson was reduced from $3,923.50 to $3,460.50, and as thus reformed affirmed (said judgment was reformed in other particulars not necessary here to mention); and

"Whereas, the liability of said Thorndale Mercantile Company and Gus Newton and G. A. Williamson was predicated on a certain replevy bond made in said case by said Thorndale Mercantile Company as principal and said Gus Newton and G. A. Williamson as sureties, under which certain property sequestered by said Continental Gin Company was delivered to said Thorndale Mercantile Company; and

"Whereas, said judgment of said Court of Civil Appeals provides that execution against the said Thorndale Mercantile Company and Gus Newton and G. A. Williamson shall only be issued for such an amount as may be necessary to satisfy the said judgment in favor of the said Continental Gin Company against the said Redville Gin Company with interest and costs as therein adjudged; and

"Whereas, the mandate of said Court of Civil Appeals was duly issued by the clerk thereof and the same returned to and filed in this court on the 14th day of January, 1921; and

"Whereas, the plaintiff's judgment against said Redville Gin Company as shown by the records of this court is wholly unpaid and unsatisfied; and

"Whereas, the records of this court do not show that the property replevied in said suit as aforesaid, or any part thereof, was returned by said Thorndale Mercantile Company, or any one else, to the sheriff of Milam county, within 10 days after the rendition of the judgment of the trial court on January 28, 1918, or within 10 days after the overruling of a motion for a new trial in said case on March 2, 1918, or within 10 days after the rendition of the judgment of the Court of Civil Appeals on October 22, 1919, as aforesaid; and

"Whereas, said judgment as originally rendered and as reformed and affirmed, adjudged that 'all costs herein incurred shall be taxed against the defendants, except defendants Adams and Robbins shall each only be liable for such costs as were incurred by reason of his having been made a party hereto'; and

"Whereas, the costs above referred to include those of the trial court only, as the costs of said appeal were taxed against said Continental Gin Company:

"Therefore you are hereby commanded that of the goods and chattels, lands and tenements of the said Thorndale Mercantile Company, Gus Newton and G. A. Williamson, you cause to be made the said sum of $3,460.50, with interest thereon from March 14, 1918, at the rate of 6 per cent. per annum, together with the sum of $403.24, costs adjudged against the defendants as aforesaid, and also the further costs of executing this writ; provided, you shall not under any circumstances cause to be made under this writ (excluding the matter of costs), an amount exceeding the sum of $3,347.90, with interest from February 2, 1918, at the rate of 8 per cent. per annum, same being the amount of the judgment of the Continental

Gin Company against the Redville Gin Company, hereinbefore mentioned, etc.

"Herein fail not, and have you the said moneys, together with this writ, before said court, at the courthouse thereof, in Cameron, Milam county, Tex., in 90 days from this date.

"Witness my hand and the seal of said court, this 22d day of March, 1921.
      "[Seal]          .          Penn Wolf,
"Clerk District Court, Milam County, Tex."

We find that all the facts recited in the execution are true. As supplementing the facts recited in the execution, we find the following additional facts:

(1) In the judgment of the Court of Civil Appeals, described in the execution, the Thorndale Mercantile Company filed its application for writ of error to the Supreme Court, which was denied by that court on the 15th day of December, 1920.

(2) The mandate issued from the Court of Civil Appeals on the 13th day of January, 1921, and was filed in the trial court on the next day. As affecting this appeal, the material portions of the mandate are as follows:

"Before our Court of Civil Appeals on the 22d day of October, 1919, the cause upon appeal to revise or 'reverse your judgment between Redville Gin Company, appellant, and Continental Gin Company, Appellee, No. 6040, was determined, and therein our said Court of Civil Appeals made its order in these words:

"This cause came on to be heard on the transcript of the record, the same being inspected, because it is the opinion of the court that the judgment of the court below should be reformed in certain particulars. It is therefore considered, adjudged, and ordered that the judgment of the trial court rendered in this cause be reformed and made to read as follows, to wit: 'On this 28th day of January, 1918, this cause being regularly reached on the docket and called for trial, came the plaintiff, Continental Gin Company, by its attorneys, and also came all of the defendants, Redville Gin Company, Thorndale Mercantile Company, J. L. Adams, Gus Newton and J. J. Robbins, by their attorneys. * * *"

Here followed the decree of the court disposing of all parties to the cause and all issues made by the pleadings. Judgment was entered against the Redville Gin Company for the amount of its debt and for foreclosure of the lien on the gin property. Judgment was also entered against the Thorndale Mercantile Company for the same amount as against the Redville Gin Company, giving it permission to return the property under the provisions of article 7107, Revised Civil Statutes, and decreeing that, if it failed to make due return of such property, execution should issue against it and its sureties for the amount of the judgment. If such execution was not satisfied, then the mortgaged property was to be seized and sold.

(3) The costs of appeal were taxed against the Continental Gin Company.

(4) On the 17th day of January, 1921, the Thorndale Mercantile Company returned to the sheriff of Milam county all the property held by it under its replevy bond, taking from him a receipt for the same.

On the 25th day of· January, 1921, the Thorndale Mercantile Company filed its motion in the original cause, reciting the fact that it had delivered the property to the sheriff, and prayed that it be relieved from any further liability under the judgment. Again, on the 31st day of March, 1921, the Thorndale Mercantile Company filed another motion in the original cause, praying that the above-described execution be recalled and canceled, for the following reasons: (1) Appellant had satisfied the judgment against it by making due return of the replevied property; (2) no order of sale had been issued for the sale of the mortgaged property; (3) appellant had satisfied in full the judgment as rendered against it; (4) no execution could lawfully issue against appellant until all the mortgaged property was sold; (5) the execution was for an excessive amount; (6) the execution was prematurely issued, for the reason that the mandate had not been recorded in the minutes of the trial court.

The Continental Gin Company answered these motions by pleading:

(1) "Plaintiff in limine objects to the determination of the question of its rights under the judgment referred to by defendants by a motion in this case, and says that such matter is not properly determinable by motion, but should be presented and determined in a plenary suit."

(2) "Plaintiff further objects to this proceeding because there will arise in it controverted questions of fact, which this court cannot determine upon this motion, and with reference to which the plaintiff is entitled to a trial by jury."

(3) "Subject to the foregoing, plaintiff demurs to said motions, and says the same are insufficient in law, and show no reason why the execution referred to should be recalled, and of this it prays judgment of the court."

(4) The above pleas were followed by allegations giving the history of the litigation, specially pleading the judgment as entered in the original cause, and as reformed in the Court of Civil Appeals, and that the Thorndale Mercantile Company had not returned the property within the time allowed by article 7107, Revised Civil Statutes.

(5)' "Plaintiff specially denies that the property alleged to have been turned over to the sheriff of Milam county on January 17, 1921, was then in good condition, but it alleges, on the contrary, that such property had been injured and damaged during the three years elapsing from the date of the judgment of the trial court; that it had not been cared for, had been exposed to the elements, had rusted and rotted, and had in many respects become, for all practical purposes, valueless;

that, in addition to the loss, injury, and damage, such property had sustained as aforesaid, it had become inherently of very much less value than it was either on the 28th day of January, 1918, or on the 21st day of January, 1920, on account of generally depressed conditions, abnormally low price of cotton, and lack of demand for cotton ginning machinery. In this connection plaintiff alleges that the reasonable market value of the property on January 17, 1921, was not in excess of 50 per cent. of what it was when this case was tried in January, 1918, when values were high, and that by no possibility can a sum be realized on a sale of said property sufficient to liquidate plaintiff's judgment against the Redville Gin Company. However, these questions present controverted issues of fact, which cannot be determined under this motion, but only in a plenary suit, and plaintiff refers to them in this connection in order that the court may be advised of the inappropriateness of this proceeding for the determination of the questions that will necessarily arise, and not for the purpose of trying out such questions in this proceeding."

The motions were heard by the court on the 14th day of April, 1921, and in all things denied. The judgment denying the motions recited that—

"The court did not consider or decide whether or not all of the replevied property had been redelivered by defendants to the sheriff in good condition, that depending on controverted facts, and not being deemed in issue or properly determinable under this motion or necessary to be decided."

This appeal is from the order of the trial court denying the two motions of the Thorndale Mercantile Company.

## Opinion.

On the foregoing facts, we announce the following conclusions of law:

[1] (1) The motions filed by the Thorndale Mercantile Company were sufficient to put in issue the validity of the execution, and under these motions the trial court had the power, and it was his duty, to determine whether the property had been returned within the time given by the judgment. Scott v. Allen, 1 Tex. 508; Holmes v. Holloway, 21 Tex. 661; Bryan v. Bridge, 6 Tex. 137; Martin v. Clerk, 6 Tex. 26.

(2) Having jurisdiction of the motion for one purpose, it was the duty of the trial court to hear and determine all issues, both of fact and law, arising on the pleadings of the parties. The court, therefore, erred in refusing to pass on the fact issues raised by the pleadings.

[2] (3) We believe the property was returned within the 10-day period allowed by article 7107, Revised Civil Statutes, which is as follows:

"The defendant shall have the right, at any time within ten days after the rendition of the judgment provided for in the preceding article, to deliver to the sheriff or constable of

the court in which such judgment is rendered, the property, or any portion thereof, which he has bound himself to have forthcoming to abide the decision of the court, and the sheriff or constable to whom such possession is tendered shall receive such property, if the same has not been injured or damaged since the replevy, and receipt to the defendant therefor, and shall immediately deliver such property to the plaintiff; and the defendant in such judgment shall, upon filing with the papers in the cause the receipt of the sheriff or constable, be credited by the clerk or justice of the peace upon such judgment with the value of the property so returned."

The return of the property within 10 days after rendition of the judgment in the trial court would have been an abandonment by Thorndale Mercantile Company of its appeal. Norris Implement Co. v. Ogden (Tex. Civ. App.) 147 S. W. 279; Tutt's Heirs v. Morgan, 18 Tex. Civ. App. 627, 42 S. W. 578, 46 S. W. 122; Payne v. State, 12 Tex. App. 163. So a return within 10 days after the rendition of the judgment in the Court of Civil Appeals would have been an abandonment of its right to file petition for writ of error. While the denial of the writ made the judgment of the Court of Civil Appeals final, the trial court, whose duty it was to execute the judgment, had no official connection with such judgment, or information thereof, until the mandate was received by it. The general rule, as stated in Nineteenth Standard Proc. 311, is:

"The trial court acquires jurisdiction upon the filing of the mandate."

We believe it is a sound legal proposition to say that neither the trial court nor any of its officers acquired jurisdiction over the judgment of the Court of Civil Appeals, nor authority to execute its provisions until it had received the mandate. Under article 1646, Revised Civil Statutes, which is as follows:

"Upon the rendition by the Courts of Civil Appeals of any such judgment or decree as is contemplated by article 1627, it shall not be necessary for the lower court from which the cause was removed to make any further order or decree therein; but the clerk of said lower court, on receipt of the mandate of the Supreme Court or Courts of Civil Appeals, shall proceed to issue execution thereon as in other cases"

—the judgment of the Court of Civil Appeals became the judgment of the trial court. Henry v. Red Water Lumber Co., 46 Tex. Civ. App. 179, 102 S. W. 749. Also, as appears from the mandate itself, the judgment of the Court of Civil Appeals was made the judgment of the trial court.

On return of the mandate, the judgment became final in the trial court, and its officers became bound to execute its provisions. Our construction of this article No. 7107 seems to be directly within its terms, because the article directs that:

"* * * And the defendant in such judgment shall, upon filing with the papers in the cause the receipt of the sheriff or constable, be credited by the clerk or justice of the peace upon such judgment with the value of the property so returned."

Clearly the clerk could not enter a credit on a judgment that was not in his court, and about which he had no official information.

[3] So we construe the expression "10 days after the rendition of judgment," as used in said article No. 7107, to mean 10 days after such judgment becomes final, and, when an appeal is taken from such judgment, that it does not become final within the meaning and purport of said article until the mandate is received by the trial court from the appellate court.

[4] (4) Under article 1646, cited, supra, it is the duty of the officers of the trial court to execute the judgment of the Court of Civil Appeals "on receipt of the mandate." We do not construe this article as requiring that the judgment of the Court of Civil Appeals shall be copied in the minutes of the trial court before it can execute its provisions. Hence the trial court did not err in refusing to recall and cancel the execution on the ground that the judgment of the Court of Civil Appeals shall be copied in the minutes of the trial court before it can execute its provisions. Hence the trial court did not err in refusing to recall and cancel the execution on the ground that the judgment of the Court of Civil Appeals had not been entered in its minutes.

[5] (5) Nor is error shown in the refusal of the trial court to cancel the execution because it is directed primarily against the Thorndale Mercantile Company. In its terms the execution follows literally the provisions of the judgment as entered by the Court of Civil Appeals against the Thorndale Mercantile Company. See judgment as given above. For that reason Bailey v. Block, 104 Tex. 101, 134 S. W. 323, is not in point. We are not concerned with the equities of the original case sustaining the judgment as entered. Having been entered by a court of competent jurisdiction, as a final judgment disposing of parties and issues, the Thorndale Mercantile Company is bound by its terms.

We order that the judgment of the trial court be reversed, and that the cause be remanded for a new trial, in accordance with the propositions of law as herein announced.

Reversed and remanded.