**Affirmed and Memorandum Opinion filed November 10, 2022.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-22-00064-CV

**THE GORE FAMILY LIMITED PARTNERSHIP, Appellant**

**V.**

**WRIGHT GORE, JR., RAYMOND GORE AND GARY GORE, Appellees**

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 111192-CV**

## MEMORANDUM OPINION

The Gore Family Limited Partnership (GFLP) appeals a summary judgment granted in favor of Raymond and Gary Gore.[1] In a single issue on appeal GFLP asserts the trial court erred in finding that res judicata precluded its claims. We affirm.

---

[1] In GFLP's original petition it named Wright Gore, Jr. as a defendant but Wright Jr. joined GFLP's claims in the petition. Because Wright Jr. was a defendant in the trial court, we include him as an appellee in this appeal but note that his interests are aligned with GFLP.

**BACKGROUND**

In 1991, the shareholders of Western Seafood were Wright and Isabel Gore (the Gore Parents) and their three sons: Wright Gore, Jr., Gary Gore and Raymond Gore (collectively, the Gore Brothers). A 1991 Stockholders Agreement restricted the Gores' ability to transfer any stock. The shareholders agreed that no gift of stock could be made to anyone except a spouse, child, grandchild or family trust, and no stock could be conveyed to a third party without the consent of all shareholders. Any purported transfer of stock in violation of the agreement would be "void and ineffectual, and shall not operate to transfer any interest or title."

In 2000, the Gore Parents created GFLP as part of their estate planning. The Gore Parents attempted to fund GFLP with 11,546 shares of Western Seafood, which constituted just over 54% of the company. Wright Jr. asserted that the funding of GFLP with shares in the company did not contravene the Stockholders Agreement because it should be considered a gift to the family since GFLP would eventually be owned in equal share by the Gore Brothers.

After the deaths of the Gore Parents, the percentage ownership of Western Seafood corresponding to each of the Gore Brothers was: Wright Jr. 36%, Raymond 33%, and Gary 31%. Disputes arose among the Gore Brothers over the operations of Western Seafood. In 2014, Raymond and Gary, as 64% shareholders together, claimed to constitute the majority ownership of Western Seafood. In response, Wright Jr. contended the majority owner of Western Seafood was GFLP, which purportedly held just over 54% of the company. Gary and Raymond challenged this claim by asserting that the transfer of stock by the Gore Parents to GFLP was in contravention of the Stockholders Agreement, rendering the transfer void.

The history of the litigation between the parties encompasses two former actions in two different Brazoria County District Courts.

2

*Cause No. 73301*

In July 2013, Western Seafood and Wright, Jr. were sued in the 412th District Court in Brazoria County on a guarantee that Wright, Jr. allegedly entered into in Western Seafood's name (Cause no. 73301). *See Gore Family Ltd. P'ship, Ltd. v. Gore*, No. 01-17-00165-CV, 2018 WL 3384554, at *1 (Tex. App.—Houston [1st Dist.] July 12, 2018, no pet.) (mem. op.). Raymond and Gary intervened in that suit and alleged that the Gore Parents' attempt to transfer stock to GFLP was void. *Id.*

On September 18, 2015, Raymond and Gary moved for partial summary judgment against Wright Jr. on their declaratory judgment claim as to ownership of Western Seafood. They argued that the stock transfer was void under the Stockholders Agreement, which prohibited (subject to two inapplicable exceptions) and declared void the transfer of shares outside the family or a family trust. *Id.*

On October 12, 2015, Raymond and Gary filed a seventh amended petition in cause no. 73301 in which they sought declaratory judgment, and temporary and permanent injunctions. The seventh amended petition named GFLP as a party. Raymond and Gary asserted claims against Wright Jr. for breach of fiduciary duty and breach of a settlement agreement. Raymond and Gary further sought a declaratory judgment to establish the rights of the parties to Western Seafood.

On October 13, 2015, trial commenced on the other claims in the case. Several days in, all parties except GFLP reached a settlement releasing all claims asserted in this action, except claims against GFLP. *Gore Family Ltd. P'ship, Ltd.*, 2018 WL 3384554, at *1. On October 29, 2015, the parties filed notice of their settlement agreement. In the settlement agreement the parties agreed to appoint a "Liquidating Manager" to "dissolve the above Companies [including Western Seafood] as soon as practicable[.]" The parties agreed that the Liquidating Manager would distribute all proceeds of Western Seafood (in addition to other companies) in the following

3

percentages:

- 38% –Wright Gore, Jr.;
- 62% – Raymond and Gary Gore collectively

The settlement agreement further provided for the dismissal of "all causes of action, claims, counterclaims and cross claims by, between and among them in the consolidated lawsuit pending under cause no. 73301, Raymond Gore and Gary Gore, individually and in their derivative capacity on behalf of Western Seafood Company, Plaintiffs, vs. Western Seafood Company, Wright W Gore, Jr., and *Gore Family Limited Partnership*, Defendants[.]" (emphasis added) The trial court subsequently appointed Lynn Klement as Liquidating Manager for the purpose of winding down and liquidating Western Seafood.

On January 3, 2017, GFLP filed a motion for entry of judgment and motion for severance in which it alleged that the trial court's partial summary judgment declaring the stock transfer void was not final. GFLP asked the trial court to sever the issue of the validity of the stock transfer into a separate cause of action to permit GFLP to appeal the trial court's ruling. On February 3, 2017, the trial court signed an "Order of Severance and Final Judgment" in which it noted that Raymond and Gary's motion for partial summary judgment was heard on October 12, 2015. The order stated that the settlement agreement "released all claims asserted in this action against the other parties to the action except the claims against the Gore Family Limited Partnership which was not a party to the settlement." The trial court "officially granted" partial summary judgment declaring the stock transfer that created GFLP void. The court further ordered that "the cause of action stated herein between the Gore Family Limited Partnership and Intervenors be severed from the remaining cause of action alleged herein and from the issues resolved in the settlement agreement[.]" The severed claim was given the cause no. 90228.

4

*Cause no. 90228*

GFLP appealed the partial summary judgment ruling (now final after severance) to the First Court of Appeals. The First Court of Appeals dismissed GFLP's appeal because at the time the summary judgment was granted GFLP was not a party to the underlying action, nor did Raymond and Gary move for summary judgment against GFLP. *Gore Family Ltd. P'ship, Ltd.*, 2018 WL 3384554, at *3. The court held that GFLP lacked standing to pursue an appeal because Raymond and Gary had not moved for summary judgment against the partnership. *Id.* The record does not reflect any further activity in cause no. 90228.

*Cause no. 98063*

On September 7, 2018, GFLP filed another suit against Lynn Klement, liquidating manager, Freeport Economic Development Corporation, and Raymond and Gary Gore. GFLP again alleged it acquired 54.28302% of the shares of Western Seafood through the stock transfer that had been declared void in cause no. 73301. Raymond and Gary Gore filed a motion for summary judgment and motion to expunge notice of lis pendens in that case, which the trial court granted on January 24, 2019.

In a letter to the parties noting the court's ruling, the trial court explained the bases of its ruling. The trial court disagreed with the First Court of Appeals and determined that GFLP was indeed a party at the time the partial summary judgment in Cause no. 73301 was granted. The trial court further found that GFLP acquiesced in the settlement agreement understanding that it had no stock interest in Western Seafood based on the previous court's summary-judgment ruling. The trial court found that the issue of the stock transfer had been decided and that res judicata precluded GFLP from relitigating the claim. The trial court also found that even if GFLP was not a party to the original cause, GFLP was in privity with a party before

5

the court in Cause no. 73301 and res judicata applied. The trial court determined that Wright Jr. and GFLP shared an interest in showing the validity of the stock transfer into the partnership. The trial court therefore granted summary judgment on res judicata grounds. On February 27, 2019 the claims in Cause no. 98063 were nonsuited.

### *Cause no. 111192–the underlying cause on appeal*

On December 31, 2020, the trial court signed an order in cause no. 73301 approving plans for final distribution of Western Seafood's assets.

On January 15, 2021, GFLP filed the underlying suit naming the Gore Brothers as defendants. GFLP again alleged it owned 54.28302% of Western Seafood by virtue of the stock transfer from the Gore Parents. GFLP also claimed the First Court of Appeals, in its opinion dismissing GFLP's appeal, declared GFLP the "equitable owner" of Western Seafood. GFLP further filed a notice of lis pendens in which it sought to quiet the title purported to be conveyed by Lynn Klement.

On October 1, 2021, Raymond and Gary Gore filed a combined motion for traditional summary judgment and motion to expunge lis pendens in which they alleged that the doctrine of res judicata prohibited GFLP's claim because two final judgments had been rendered declaring the stock transfer void.

GFLP filed a response to the motion for summary judgment in which it alleged that it was not a party in Cause no. 73301, and, therefore, not bound by the trial court's order approving plans for final distribution. GFLP further argued that the first summary judgment in Cause no. 73301 did not bind GFLP because it was not a party. GFLP further asserted that the Uniform Declaratory Judgment Act contains a provision that prevents the application of res judicata to a non-party. GFLP further asserted that the summary judgment in Cause no. 98063 was not final and did not

6

involve the same issues before the court.

On January 24, 2022, the trial court signed an order granting Raymond and Gary's motion for summary judgment and expunging the notice of lis pendens. This appeal followed.

<strong><small>ANALYSIS</small></strong>

In a single issue on appeal GFLP contends that Raymond and Gary Gore failed to present summary judgment evidence proving conclusively their claim that GFLP did not own a majority share of Western Seafood. Because the trial court's order was based on Raymond and Gary's motion for summary judgment alleging res judicata, we review whether Raymond and Gary conclusively established that res judicata barred GFLP's claims.

## I.      Standard of Review and Applicable Law

We review de novo the trial court's ruling on a motion for summary judgment. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). In a traditional motion for summary judgment, the movant must establish that no genuine issue of material fact exists, and the movant is thus entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accid. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). A genuine issue of material fact exists if the nonmovant produces more than a scintilla of probative evidence regarding the challenged element. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). A defendant moving for traditional summary judgment must conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*,

7

941 S.W.2d 910, 911 (Tex. 1997).

Res judicata bars claims that were brought, or could have been brought, in an earlier lawsuit that resulted in a final judgment on the merits. *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 86 (Tex. 2008), *superseded by statute*, Tex. Lab. Code § 61.051(c). To prevail on the defense, a party must show that (1) in a previous action, a court of competent jurisdiction rendered a final determination on the merits of a claim, (2) the parties in the earlier action are identical to, or in privity with, the present parties, and (3) the pending claim (a) is identical to the prior claim or (b) arises out of the same subject matter as the prior claim and could have been litigated in the previous action. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

Parties are "in privity" with each other for purposes of res judicata if they have an identity of legal interest in the earlier and present suits. *Getty Oil Co. v. Insurance Co. of N. Am.*, 845 S.W.2d 794, 800 (Tex. 1992). We examine the circumstances of each case to determine if privity exists between the parties. *Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361, 363 (Tex. 1971). The application of res judicata to suits by those in privity with a prior party exists to "ensure that a defendant is not twice vexed for the same acts, and to achieve judicial economy by precluding those who have had a fair trial from relitigating claims." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 653 (Tex. 1996). There are at least three ways in which parties can be in privity under Texas law: "(1) they can control an action even if they are not parties to it; (2) their interests can be represented by a party to the action; or (3) they can be successors in interest, deriving their claims through a party to the prior action." *Id*. The touchstone of the representation-of-interests inquiry is whether "the parties share an identity of interests in the basic legal right that is the subject of litigation. To determine whether a prior and later lawsuit involve the same basic subject matter,

we focus on the factual basis of the complaint." *Id.* (internal citation omitted). Privity for res judicata purposes will exist under the representation-of-interests when the circumstances are such as to allow a court to conclude that the non-party had notice and an opportunity to be heard in the former litigation. *See Taylor v. Sturgell*, 553 U.S. 880, 894 (2008).

## II. The doctrine of res judicata bars GFLP's claim of majority ownership of Western Seafood.

GFLP asserts that Raymond and Gary failed to conclusively establish all elements of res judicata. We address each element in turn.

### A. In a previous action, a court of competent jurisdiction rendered a final determination on the merits of a claim.

The parties agree that, on February 3, 2017, the trial court in the 412th District Court of Brazoria County, in Cause no. 73301, signed a final judgment stating, inter alia, "the stock transfer to the Gore Family Limited Partnership is declared to be void."

GFLP asserts that Raymond and Gary's summary judgment proof fell short because there was no final judgment in Cause no. 98063 or in Cause no. 90228. While there is room to discuss whether the judgment in Cause no. 98063 was final, this element does not require final judgments in all litigation between the parties. This element requires that a court of competent jurisdiction rendered *a* final determination on the merits of a claim. *See Travelers Ins. Co.*, 315 S.W.3d at 862. There is no dispute that the 412th District Court—a court of competent jurisdiction—rendered a final determination in Cause no. 73301 that the stock transfer to GFLP was void. This issue was not appealed by any party to the judgment and, is therefore, final.

9

**B.     The parties in the earlier action are identical to, or in privity with, the present parties.**

The parties in Cause no. 73301 were not identical to the parties in the underlying dispute. After the trial court signed a final judgment and a severance order in Cause no. 73301, GFLP appealed the court's ruling that the stock power signed in 2000 did not effect any transfer of Western stock to GFLP. In dismissing the appeal, the First Court of Appeals held that GFLP lacked standing to appeal the ruling because no summary judgment was entered against the partnership. *See Gore Family P'ship v. Gore*, 2018 WL 3384554, at *3. Raymond and Gary had moved for summary judgment seeking to declare the stock transfer void only against Wright Jr. At the time the summary judgment motion was filed, GFLP was not a party to the action, thought it agreed to become a party, and in fact it filed an appearance in the action, before the trial court's summary judgment ruling.[2] The court of appeals held that GFLP had no standing to complain about a summary judgment entered against Wright Gore, Jr. Further, the court observed that the ruling against Wright Jr. would not prejudice the right of GFLP to "defend the validity of the stock transfer in its severed cause of action." *Id.* at *3. After the appeal was dismissed, however, GFLP did not take any action toward defending the validity of the stock transfer in the severed proceeding. Rather, it filed a new, independent proceeding.

The question, therefore, is whether GFLP was in privity with Wright Jr. against whom summary judgment was granted in Cause no. 73301. The issue of privity as it relates to claim preclusion usually arises with respect to plaintiffs; that is, the question is whether the plaintiff in a subsequent action against a particular defendant is in privity with the plaintiff in an earlier action against the same

---

[2] In its amended motion for entry of judgment and motion for severance in Cause no. 73301, GFLP asserted, "it filed an appearance in this case as a Defendant shortly before the granting of the Partial Summary Judgment in October, 2015."

10

defendant. *See Amstadt*, 919 S.W.2d at 653. The doctrine of res judicata is meant "to ensure that a defendant is not twice vexed for the same acts" and "to achieve judicial economy by precluding those who have had a fair trial from relitigating claims." *Id.* In other words, res judicata exists both to protect defendants from repetitive litigation and to limit plaintiffs to one bite at the apple. The latter objective supports extending res judicata to defendants who are in privity with an original party, and indeed courts have done so. *See, e.g., Samuel v. Fed. Home Loan Mortg. Corp.*, 434 S.W.3d 230, 234–35 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

In their summary judgment motion, Raymond and Gary invoked the "adequate representation" basis for privity. "Privity connotes those who are so connected with a party to the judgment in the law such that the party to the judgment represented the same legal right." *Id.* at 234. In this case, both Wright Jr. and GFLP assert that GFLP has majority ownership of Western Seafood arising out of the same stock transaction in which the Gore Parents attempted to transfer over 54% of the stock in Western Seafood to GFLP. This is exactly the same argument that Wright Jr. asserted in Cause no. 73301. The final judgment in Cause no. 73301 unequivocally determined that stock transfer to be void. There also exists a substantive legal relationship between Wright Jr. and GFLP—Wright Jr. is GFLP's general partner. While the record indicates that Wright Jr. did not appear in the prior proceeding in his capacity as GFLP's general partner, it is true nonetheless that GFLP's interest is identical to Wright Jr.'s interest and both of them would benefit from a ruling that the stock transfer was valid. Moreover, in GFLP's original petition in Cause no. 111192, GFLP clearly equates its interest in the issue at hand with Wright Jr.'s interest: "Wright Gore, Jr. individually and as General Partner of GFLP supports the contentions expressed in this pleading and confesses judgment to the claims herein by GFLP." We also note that GFLP has not advanced any argument

in support of the stock transfer's purported validity that was not advanced by Wright Jr.; thus, GFLP has not asserted that Wright Jr.'s arguments in the prior proceeding failed to adequately represent GFLP's interests. Finally, the ultimate point in this inquiry is to ensure that the circumstances are such so that we may conclude that the non-party had notice and an opportunity to be heard in the former litigation. *See Taylor*, 553 U.S. at 894. The record before us establishes conclusively that GFLP received sufficient notice and opportunity as a matter of law. Not only has it acknowledged that it appeared in Cause no. 73301 before the trial court ruled on the validity of the stock transfer, it caused the court to enter a final judgment by severance, it attempted an appeal, and was informed by the court of appeals that it retained the right to assert the stock transfer's validity in the severed action. But it did not do so. Thus, we conclude that GFLP's sole interest in the stock transfer was sufficiently represented by Wright Jr. in Cause no. 73301. GFLP is therefore in privity with Wright Jr. for res judicata purposes. *See id*. at 235 (parties representing interests of another party were in privity).

In support of its contention that the principles of res judicata do not apply to GFLP, GFLP relies on *Valley Oil Co. v. City of Garland*, 499 S.W.2d 333, 336 (Tex. Civ. App.—Dallas 1973, no writ). In *Valley Oil*, the City of Garland sought an injunction against a gasoline station that was operating in an area prohibited by a zoning ordinance. *Id*. at 335. Valley Oil Company defeated Garland's request for an injunction. On appeal, the Dallas Court of Appeals reversed and rendered judgment for Garland, stating that Valley Oil Company was violating the zoning ordinance. *Id*. In its request for relief in the court of appeals, Garland did not seek to have the court issue an injunction against Valley Oil Company. After the court of appeals' mandate issued, Garland filed a "Petition for Injunction to Enforce the Judgment" in the trial court. The trial court granted the injunction and Valley Oil Company

12

appealed. *Id.* Valley Oil Company answered with a plea of res judicata. The Dallas Court of Appeals determined that the injunction, granted by the trial court after its mandate had been issued, was not barred but was rather a proper means of giving the court of appeals' first judgment full effect. *Id*. at 336. The court of appeals determined that the police power to regulate the use of property was appropriate in that case although it went against the usual rule of res judicata. *Id*. The court held that "a judgment granting declaratory relief only does not bar a subsequent application for supplemental coercive relief unless such application was actually considered and denied in the original proceeding." *Id*. at 335.

GFLP asserts that the decision in *Valley Oil* defines an exception for res judicata when the original suit sought only declaratory judgment. We disagree. *Valley Oil* addressed the very specific scenario of a political subdivision's exercise of coercive orders to enforce its judgment. *Id.* Neither party here is a political subdivision with the use of coercive police powers; accordingly, *Valley Oil* does not apply to this case.

Because GFLP, through Wright Jr., now seeks to assert the validity of the stock transfer, which was declared void in prior litigation, we conclude that GFLP and Wright Jr. are in privity for res judicata purposes.

### C. The pending claim is identical to the prior claim or arises out of the same subject matter as the prior claim and could have been litigated in the previous action.

"To determine whether a prior and later lawsuit involve the same basic subject matter, [courts] focus on the factual basis of the complaint." *Amstadt*, 919 S.W.2d at 653. Determining the scope of the subject matter or transaction of the prior suit requires "an analysis of the factual matters that make up the gist of the complaint, without regard to the form of action." *Barr v. Resolution Trust Corp. ex rel. Sunbelt*

*Fed. Sav.*, 837 S.W.2d 627, 630 (Tex. 1992). Factors relevant to this determination include (1) "whether the facts are related in time, space, origin, or motivation," (2) "whether they form a convenient trial unit," and (3) "whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage." *Id*. at 631.

> In Cause no. 73301, the trial court stated on the record:

> I heard the arguments concerning the motion for summary judgment as it pertained to the transfer of stock of Western Seafood by Mr. and Mrs. Gore which purportedly took place sometime in the year 2000. The Court was asked to find as a matter of law that there was no ambiguity in a stockholders agreement which was signed on February 2nd, 1991, and was Exhibit B to the then Intervenors' motion for summary judgment.

> The Court was asked to find as a matter of law that there is a difference between a trust and a family limited partnership and the Court was asked to find as a matter of law that a stock power—

> *****

> that was Exhibit L to Intervenors' traditional motion for summary judgment was itself void.

> After hearing the arguments and based upon caselaw that I have found I will hold that the stock restriction agreement in 1991 is not ambiguous, that a limited partnership is not a trust. I will not hold the stock power itself is void. But my ruling is that the effect of the stock power is void in that the stock power did not affect any transfer, as I had no evidence before me that there was consent of all of the shareholders to the transfer of the stock from Mr. and Mrs. Gore to the Gore Family Limited Partnership.

The trial court later signed a final judgment documenting its ruling that "the stock transfer to the Gore Family Limited Partnership is declared to be void."

> In GFLP's live pleading in the underlying action, it sought declaratory judgment as follows:

14

GFLP seeks declaratory judgment of its rights under the Stock Power of 2000 in which the parents of the Gore brothers transferred a majority of the stock in Western to GFLP[.]

In comparing the trial court's oral ruling and written judgment in Cause no. 73301 to the relief sought by GFLP in the underlying action, we conclude the pending claim is identical to the claim already adjudicated.

The facts underlying both actions are thus "related in time, space, and origin," and the claims in each pertain to the same ultimate question—whether the stock transfer that created GFLP was void. As a result, we hold that GFLP's underlying claim arises from the "same basic subject matter" as Wright Jr.'s claims in Cause no. 73301.

Having determined that Raymond and Gary conclusively established each element of res judicata, we overrule GFLP's sole issue on appeal.

CONCLUSION

We affirm the trial court's judgment.

/s/     Jerry Zimmerer
        Justice

Panel consists of Justices Jewell, Bourliot, and Zimmerer.

15