VALLEY OIL COMPANY, Appellant,

v.

The CITY OF GARLAND, Texas, Appellee.

No. 18184.

Court of Civil Appeals of Texas, Dallas.

July 26, 1973.

Jake C. Cook, Fort Worth, for appellant.

Robert Young, City Atty., Louis F. Mathis, Asst. City Atty. for the City of Garland, Garland, for appellee.

GUITTARD, Justice.

This appeal is a sequel to City of Garland v. Valley Oil Co., 482 S.W.2d 342

(Tex.Civ.App.—Dallas, 1972, writ ref'd n. r. e.). In that case the district court had "set aside" an ordinance requiring Valley Oil Company to discontinue within one year operation of a gasoline station as a nonconforming use under a general zoning regulation, but this court held the ordinance valid and reversed and rendered judgment in favor of the city. The present question is whether our judgment on that appeal bars subsequent application by the city to enforce the ordinance by injunction because injunctive relief was sought by the city in the original action but was not pursued on appeal. We hold that our judgment declaring the validity of the ordinance does not bar the city's application for supplemental injunctive relief.

The action was originally brought under the Uniform Declaratory Judgments Act, Tex.Rev.Civ.Stat.Ann. art. 2524–1 et seq. (Vernon 1965), to declare the ordinance void, and for an injunction restraining the city from enforcing it. The city in its answer asked the court to determine the ordinance to be valid and to enjoin Valley from operating its business. The trial court's judgment set the ordinance aside "because of the lack of procedural due process." On the city's appeal from this judgment the principal question decided was that the ordinance was "a valid exercise of the City's police power." Accordingly, judgment was reversed and rendered in favor of the city, but no mention was made of the city's application for injunctive relief, since no point was raised in that respect.

After our mandate was filed in the trial court, the city filed in the same cause a "Petition for Injunction to Enforce the Judgment." Valley answered with a plea of res judicata. After notice and hearing, the trial court granted a temporary injunction restraining Valley from making sales of petroleum products at the location in question in violation of the ordinance, and Valley appeals, contending that the judg-ment of this court "is a final and subsisting judgment in bar of further litigation on the matters that were adjudicated or that could have been adjudicated, including the City's claim for injunctive relief."

We conclude that the injunction granted by the trial court is not barred by our judgment, but is rather a proper means of giving that judgment full effect. In this connection we hold that a judgment granting declaratory relief only does not bar a subsequent application for supplemental coercive relief unless such application was actually considered and denied in the original proceeding. We recognize that under the rule of res judicata, a judgment is a final adjudication, not only of matters actually determined, but also of all other matters which could have been raised in the same suit to sustain or defeat the cause of action alleged. Freeman v. Mc-Aninch, 87 Tex. 132, 27 S.W. 97 (1894); and *see* Moore v. Snowball, 98 Tex. 16, 81 S.W. 5 (1904). Ordinarily, a judgment is conclusive of all matters raised by pleadings in the former action, whether or not expressly mentioned in the judgment. Vance v. Wilson, 382 S.W.2d 107 (Tex. 1964). However, § 8 of the Uniform Declaratory Judgments Act,* provides:

"Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition to a Court having jurisdiction to grant the relief. If the application be deemed sufficient, the Court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith."

Under this section a declaratory judgment has been held not to bar a subsequent proceeding for coercive relief based on rights established by the judgment, even though the coercive relief could have been granted in the original action. Cooke v.

---

\* Tex.Rev.Civ.Stat.Ann art 2524–1 (Vernon 1965).

Gaidry, 309 Ky. 727, 218 S.W.2d 960, 10 A.L.R.2d 778 (1949); Washington-Detroit Theater Co. v. Moore, 249 Mich. 673, 229 N.W. 618, 68 A.L.R. 105 (1930); Great Northern Ry. Co. v. Mustad, 76 N.Dak. 84, 33 N.W.2d 436 (1948); Winborne v. Doyle, 190 Va. 867, 59 S.E.2d 90 (1950); 2 Anderson, Declaratory Judgments 461 (2d ed. 1951). The rationale for this apparent departure from the usual rule of res judicata is that the losing party in a declaratory judgment action can normally be expected to recognize the rights declared by the judgment and act accordingly, but that if he fails to do so, the court should have ample power to enforce the judgment by subsequent coercive orders, whether or not such relief was sought in the original action. *See* E. Borchard, Declaratory Judgments, 439–441 (2d ed. 1941).

 The injunctive relief granted by the trial court comes directly within § 8 of the act. On the former appeal we reversed the trial court's judgment and declared the ordinance to be "a valid exercise of the city's police power." Our judgment became the judgment of the trial court when the mandate was filed there, and the trial court had power to enforce it. Henry v. Red Water Lumber Co., 46 Tex.Civ.App. 179, 102 S.W. 749 (Austin, 1907, error refused). Further proceedings in the trial court are governed by the opinion of this court as well as the mandate. Wells v. Littlefield, 62 Tex. 28 (1884). Although the mandate does not by its own provisions declare the ordinance valid, the opinion shows that to be the ground on which the trial court's judgment was reversed. Under these circumstances the trial court was justified in looking to the opinion as well as the mandate in determining the effect of this court's judgment. Consequently, the trial court had not only the power but the duty under § 8 to issue an injunction for the purpose of enforcing the judgment of this court.

In view of our ruling that an application for supplemental coercive relief is not barred unless actually considered and denied, we cannot agree with Valley's contention that the city's failure to press its claim for injunctive relief on the former appeal bars such relief now. Although the trial court originally denied such relief, its judgment was reversed, and the propriety of such relief was not considered or determined by this court.

 Neither can we agree with Valley's contention that the trial court had no jurisdiction to grant injunctive relief in the same suit, but could only do so in an independent suit brought for that purpose. Section 8 does not specify whether the supplemental relief be granted in the same or in a different action, and there are obvious advantages in pursuing it in the same action and in the same court that granted the original declaratory relief. No problem is presented concerning loss of jurisdiction of the person because of finality of the former judgment, since notice of the city's application for temporary injunction was served on Valley in the usual manner, and Valley appeared by its counsel and filed a written pleading.

Affirmed.