**LAKESIDE REALTY, INC., Successor in Interest to Sunrise Construction, Inc., Appellant,**

v.

**LIFE SCAPE HOMEOWNERS ASSOCIATION, Appellee.**

No. 12–03–00315–CV.

Court of Appeals of Texas, Tyler.

July 29, 2005.

Rehearing Overruled Oct. 20, 2005.

Steven W. Stark, Stark & Groom, P.C., Athens, for appellant.

Jeffrey C. Irion, for appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and DeVASTO, J.

## OPINION

DIANE DeVASTO, Justice.

In three issues, Lakeside Realty, Inc. complains of the trial court's denial of further relief requested pursuant to section 37.011 of the Texas Civil Practice and Remedies Code and of the trial court's finding that the right to construct additional condominium units was waived. Life Scape Homeowners Association challenges our jurisdiction of this appeal. We reverse and remand.

### BACKGROUND

On February 28, 2000, the trial court signed a declaratory judgment that Sunrise had a present building interest in eight condominium units collectively identified as "Building E" at the Life Scape Condominiums in Henderson County, Texas. The trial court signed two subsequent orders that are pertinent here. The first was signed on January 17, 2003; the second was signed on August 13, 2003 and is the subject of this appeal.

### The First Order (the "January 17 order")

On October 17, 2001, Sunrise filed an application seeking further relief, including an injunction, against Life Scape based on the declaratory judgment. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 37.011 (Vernon 1979). By amended application, Sunrise asserted that it had constructed four of the eight units designated as Building E, but that Life Scape's actions had prevented the sale of the units. In response, Life Scape objected, in part, that Sunrise had converted common areas to its use and benefit without consent of the owners by (1) constructing concrete parking spaces and erecting parking covers; (2) obstructing and blocking existing parking areas in direct violation of the prior declaratory judgment; and (3) failing to restore the common areas to their preconstruction condition.

On February 27, 2002, the trial court conducted a hearing on Sunrise's amended application and Life Scape's objections. Approximately one year later, on January 17, 2003, the trial court signed an order granting the injunction Sunrise sought against Life Scape and granting Life Scape's objections to the covered parking constructed by Sunrise. The order directed Sunrise to "remove such covered parking structures, remove the concrete poured over the objection of [Life Scape] and to restore the area to an [sic] grass lawn area with sprinklers that are attached to the existing system WITHIN 90 DAYS AFTER THE DATE OF THE SIGNING OF THIS DECREE." The order did not specify a location for the Building E parking.

### The Second Order (the "August 13 order")

The January 17 order did not end the parking controversy. On April 15, 2003,

Lakeside, as successor in interest to Sunrise, sought further relief alleging that Lakeside had attempted to comply with the January 17 order, but had been advised by Life Scape's representatives of "its vigorous opposition to the plan to comply with Court orders." Therefore, Lakeside requested the trial court to clarify the January 17 order by specifying a location for construction of the Building E parking and to grant Lakeside additional time to comply with the order. By order signed on August 13, 2003, the trial court denied Lakeside's request. Lakeside appeals the portion of the order denying its request for clarification of the January 17 order.

### JURISDICTION

■ Before considering the merits of this appeal, we must first address Life Scape's challenge to our jurisdiction. Life Scape argues that the order denying Lakeside's request for further relief is not appealable. Alternatively, Life Scape contends that Lakeside does not have standing to appeal because it is not named as a defendant in the declaratory judgment action.

■ Section 37.011 of the Uniform Declaratory Judgment Act ("DJA") allows for further relief based on a declaratory judgment upon a showing that the relief is necessary and proper. TEX. CIV. PRAC. & REM.CODE ANN. § 37.011 (Vernon 1997). Orders granting or denying further relief are appealable. *See, e.g., In re State,* 159 S.W.3d 203, 207 (Tex.App.-Austin 2005, orig. proceeding) (order granting relief); *County of Hays v. Alexander,* 640 S.W.2d 73, 81 (Tex.App.-Austin 1982, no writ) (order granting relief); *Valley Oil Co. v. City of Garland,* 499 S.W.2d 333, 335 (Tex.Civ.

App.-Dallas 1973, writ ref'd n.r.e.) (order granting relief); *United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.,* 414 F.3d 558, 570 (5th Cir.2005) (order denying relief) (applying 28 U.S.C. § 2202 authorizing "[f]urther necessary or proper relief based on a declaratory judgment or decree").[1]

We have previously addressed whether Lakeside had standing to challenge a subsequent order signed by the trial court. *See In re Lakeside Realty, Inc.,* No. 12-05-00078-CV, 2005 WL 1177228, at *2 (Tex.App.-Tyler 2005, orig. proceeding). We observed that, although Lakeside was not named as a defendant in the declaratory judgment action, the trial court had recognized Lakeside as Sunrise's successor in interest and Lakeside had participated in the trial court proceedings after it acquired Sunrise's interest. We also noted that Lakeside was affected by the order it sought to challenge. Therefore, we concluded that Lakeside had standing to seek mandamus relief. *See id.* Here, apart from Lakeside's status as Sunrise's successor in interest and its participation in the trial court proceedings, the order Lakeside challenges specifically denies Lakeside's request for further relief, thus making a disposition affecting Lakeside. Consequently, Lakeside has standing to appeal the order. *See Garcia v. Rodriguez,* 155 S.W.3d 334, 336 n. 1 (Tex.App.-El Paso 2004, no pet.).

Because the order challenged here is appealable and Lakeside has standing to appeal the order, we have jurisdiction of the appeal. We now turn to Lakeside's first issue.

---

1. We are to interpret the DJA so as to effectuate its general purpose to make uniform the law of those states that enact it and to harmonize, as far as possible, with federal laws and regulations on the subject of declaratory judgments and decrees. TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(c) (Vernon 1997).

### REQUEST FOR FURTHER RELIEF

In its first issue, Lakeside asserts that the trial court erred in denying its request for clarification of the January 17 order. Lakeside contends that although the January 17 order directed it to remove the parking it had constructed, the order "was uncertain as to how the parking was to be situated [ ] and exactly what duties and responsibilities were required to comply [with the order]." Because Life Scape and Sunrise have been unable to agree on another location for the Building E parking and because the parking spaces are appurtenant to each condominium, Lakeside's argument continues, the declaratory judgment cannot have full effect without the requested further relief.

### Standard of Review

All orders, judgments, and decrees issued pursuant to the DJA may be reviewed as other orders, judgments, or decrees. TEX. CIV. PRAC. & REM.CODE ANN. § 37.010 (Vernon 1997). However, we have been unable to locate any Texas case discussing the standard of review for a trial court's order granting or denying further relief requested pursuant to section 37.011.

The Fifth Circuit has held that because the "further relief" provision of the Federal Declaratory Judgment Act provides that a trial court *may* award further relief, a court's failure to do so is reviewed for an abuse of discretion. *See United Teacher Assocs. Ins. Co.*, 414 F.3d at 570 (applying 28 U.S.C. § 2202). Section 37.011 also states that further relief *may* be granted. Therefore, we apply the same reasoning as the Fifth Circuit and review the challenged order in the instant case for an abuse of discretion. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 37.002(c) (DJA is to be harmonized, as far as possible, with federal laws and regulations on the subject of declaratory judgments and decrees).

Under an abuse of discretion standard, we review the entire record to determine if the trial court acted arbitrarily and unreasonably, thus abusing its discretion. *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex.1987). The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles. *Id.* at 242. We must affirm the judgment of the trial court if it can be upheld on any available legal theory that is supported by the evidence. *Point Lookout West, Inc. v. Whorton*, 742 S.W.2d 277, 279 (Tex.1987).

Normally, where, as here, findings of fact and conclusions of law are neither requested nor filed, we will imply that the trial court made all the necessary findings to support its judgment. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex.1992). However, a reporter's record is included in the appellate record in this case. Therefore, the implied findings are not conclusive. *See Zac Smith & Co., Inc. v. Otis Elevator Co.*, 734 S.W.2d 662, 666 (Tex.1987).

### Abuse of Discretion

We begin by addressing whether clarification of the January 17 order is the type of relief authorized by section 37.011. If we conclude that it is, we will then address the propriety of the requested relief in this case.

#### Availability of Relief Sought

As stated above, section 37.011 authorizes further relief based on a declaratory judgment or decree whenever "nec-

essary or proper." "Further relief" is ancillary to the declaratory relief and may be sought in the same proceeding or in a later proceeding. *See Howell v. Tex. Workers' Comp. Comm'n*, 143 S.W.3d 416, 433 (Tex. App.-Austin 2004, pet. denied); *Valley Oil Co.*, 499 S.W.2d at 335. When sought in a later proceeding, the relief sought must be "additional relief" arising out of the issues resolved by the prior declaratory judgment. *See Genecov Group Inc. v. Roosth Prod. Co.*, 144 S.W.3d 546, 553 (Tex.App.-Tyler 2003, pet. denied). Section 37.011 does not permit a relitigation of issues already resolved or a determination of new issues unrelated to the declaratory judgment. *See id.; Valley Oil Co.*, 499 S.W.2d at 335.

In the case at bar, the trial court declared that Sunrise had a present building interest in eight condominium units collectively identified as Building E. Although the judgment makes no reference to parking, the Condominium Declaration specifies that one parking space as designated on the Life Scape Condominiums plat is appurtenant to each unit.

Sunrise constructed eight covered parking spaces, one for each Building E unit, in a location generally conforming to the location of the parking spaces shown on the plat.[2] Several of the spaces were constructed on existing concrete, which Sunrise had extended by pouring additional concrete to accommodate the size of the parking spaces. The January 17 order granting Life Scape's objections to the covered parking included a finding that "[the parking constructed by Sunrise] is a violation of this Court's prior Declaratory Judgment." The order also directed Sunrise to remove the newly-poured concrete and parking covers and to restore the area to a grass lawn area with sprinklers attached to the existing system. In its findings of fact and conclusions of law, the trial court concluded that "[u]nits designated 1,2,3,4,5,6,7, and 8 in the building designated as E are entitled to covered parking constructed substantially in accordance with the parking for such units." However, the trial court did not specify in the order where the Building E parking should be located.

Lakeside, having acquired Sunrise's building right, interpreted the trial court's finding to permit construction of the parking entirely on the existing concrete in front of Building E. This would allow Lakeside to comply with the January 17 order by removing the newly-poured concrete and also to construct the parking "substantially in accordance with the parking for such units." Life Scape notified Lakeside of its objection to the proposal and of its designation of another area for Building E parking. No compromise was reached, and Lakeside filed its request for further relief, which the trial court denied.

The right to construct Building E was addressed in the prior declaratory judgment. The disputed parking spaces are appurtenant to Building E. Therefore, the right to construct Building E necessarily includes the right to construct the appurtenant parking. Because the requested clarification pertains to Lakeside's right to construct Building E, the relief sought constitutes additional relief arising out of the issues resolved by the prior declaratory judgment. Consequently, we conclude that clarification of the January 17 order is the type of relief authorized by section 37.011.

*Denial of Further Relief*

In support of the trial court's ruling, Life Scape asserts that the terms of

---

2. The evidence showed that because of changes made after the plat was recorded, the parking for Building E could not be located exactly as shown on the plat.

the order clearly specified what action was required of Lakeside. Moreover, Life Scape maintains that Sunrise had previously admitted Life Scape's sole authority to designate the parking spaces for the condominium owners. Consequently, Life Scape implicitly argues, Lakeside could not challenge any location Life Scape designated. Therefore, Life Scape concludes, no clarification about the new parking location was necessary, and Lakeside could not have been "confused" about what was required by the January 17 order.

We first note that the condominium documents support the trial court's finding that the potential owners of Building E are entitled to covered parking constructed substantially in accordance with the parking for the other units. Moreover, neither the January 17 order nor the August 13 order includes a finding that Life Scape has the exclusive authority to designate the location of the Building E parking.

During the hearing, the trial court denied Lakeside's request for clarification of the January 17 order. Notwithstanding the trial court's ruling, the following exchange occurred near the conclusion of the hearing:

> [LIFE SCAPE]: Your ruling is that they have to remove what they put in.
>
> THE COURT: That's right.
>
> [LIFE SCAPE]: And the Court has approved where we have designated their parking to take place, do I understand that?
>
> THE COURT: No, I haven't decided that yet. I want to talk about that some, but I would not object to that, if y'all can agree to something like that.
>
> [LIFE SCAPE]: But it is definitely not the Court's order it be moved further into the fire lane.

THE COURT: That's true.

By the above comments, the trial recognized that the location of the Building E parking had not been resolved and stated its intent to consider the issue further at a later date. Furthermore, Life Scape requested, but did not receive, the trial court's approval of its designated parking location. Therefore, we agree with Lakeside that the January 17 order "was uncertain as to how the parking was to be situated." Because the January 17 order addressed only the removal and not the relocation of the Building E parking, Lakeside was unable to fully exercise its right to construct Building E and its appurtenant parking spaces. Consequently, the trial court could not have reasonably concluded that the requested clarification of the January 17 order was not "necessary or proper."

### CONCLUSION

Based upon our review of the record, we have determined that the trial court could not have reasonably concluded that clarification of the January 17 order was not the type of relief authorized by section 37.011 or that the requested relief was not necessary or proper. Therefore, we hold that the trial court abused its discretion in denying Lakeside's request for clarification of the January 17 order to specify where the Building E parking should be located. We *reverse* the portion of the August 13 order denying Lakeside's request for further relief and *remand* for further proceedings consistent with this opinion.[3]

---

3. In its second and third issues, Lakeside complains that the trial court erred in finding

that the right to construct the remaining four units of Building E had been waived. After this appeal was filed, the trial court vacated the challenged finding. *See In re Lakeside Realty, Inc.*, No. 12–03–00378–CV, 2004 WL 252098, at *1 (Tex.App.-Tyler Feb. 11, 2004, orig. proceeding). Therefore, Lakeside's second and third issues are moot, and we need not address them.