# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00756-CV

**State of Texas and Greg Abbott, Attorney General
of the State of Texas, Appellants**

**v.**

**Anderson Courier Service; ACC-A-FAX; Accident Review, Inc.
and Dr. Eric Randolph, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
NO. GN102836, HONORABLE DARLENE BYRNE, JUDGE PRESIDING**

## O P I N I O N

In this case, we are asked to determine whether attorney's fees incurred in obtaining a declaratory judgment may be awarded through a request for supplemental relief under section 37.011 of the declaratory judgment act. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.009, .011 (West 1997). This is our third occasion to decide issues arising from this cause. We originally reversed the district court's denial of declaratory relief and held unconstitutional the statute challenged by Anderson Courier. *See Anderson Courier Serv. v. State*, 104 S.W.3d 121, 123 (Tex. App.—Austin 2003, pet. denied). More recently, we denied the State's petition for a writ of mandamus challenging the district court's jurisdiction to consider Anderson Courier's request for attorney's fees as supplemental relief. *See In re State of Tex.*, 159 S.W.3d 203, 207-08 (Tex. App.—Austin 2005, orig. proceeding). In that opinion, we held that the district court had

jurisdiction to consider a request for attorney's fees under section 37.011 of the declaratory judgment act but reserved our determination of whether the requested attorney's fees were "necessary or proper" supplemental relief. *Id.* Now that the issue is properly before this Court on appeal, we hold that the award of attorney's fees in this case was not "necessary or proper" supplemental relief under the declaratory judgment act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.011. Accordingly, we reverse the judgment of the district court and render a take nothing judgment in favor of the State.

## BACKGROUND

This case stems from Anderson Courier's challenge to H.B. 1544, a statute prohibiting the collection and sale of accident reports generated by law enforcement. Anderson Courier filed suit seeking a declaration that H.B. 1544 was unconstitutional, an injunction preventing the State from enforcing the statute, and attorney's fees. The district court upheld the validity of the statute. On appeal, Anderson Courier asked this Court to reverse the district court's judgment and to remand the case for further proceedings. Anderson Courier did not mention its claim for attorney's fees. This Court agreed with Anderson Courier's constitutional challenge and rendered judgment declaring that "H.B. 1544 unconstitutionally regulates commercial free speech." *Anderson Courier Serv. v. State*, 104 S.W.3d at 123. Anderson Courier did not file a motion for rehearing seeking a remand for the consideration of injunctive relief or attorney's fees. After the supreme court denied the State's petition for discretionary review, Anderson Courier filed a motion for supplemental relief in the district court seeking a permanent injunction against enforcement of H.B. 1544 and an award of attorney's fees for its prosecution of the entire case. Two months later, Anderson Courier entered into an agreed order in which the Travis County Attorney agreed to a

2

permanent injunction against enforcement of H.B. 1544 and Anderson Courier agreed not to seek attorney's fees from the county. Anderson Courier continued to pursue an award of attorney's fees against the State. The district court entered judgment ordering the State to pay $368,857 in attorney's fees as supplemental relief under the declaratory judgment act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.011.

## DISCUSSION

The determinative issue before us is whether the district court's award of Anderson Courier's attorney's fees was necessary or proper further relief under section 37.011 of the declaratory judgment act. Because this issue requires construction of the act, we review the district court's order *de novo*. *See United Teacher Assoc. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 570 (5th Cir. 2005) (*de novo* review when determination of grant of further relief based on question of law); *Lakeside Realty, Inc. v. Lifescape Homeowners Ass'n*, No. 12-03-00315-CV, 2005 Tex. App. LEXIS 6024, at *3 (Tex. App.—Tyler July 29, 2005, no pet.) (citing federal case law for standard of review for grant of supplemental relief under section 37.011).

### Jurisdiction

In its first issue, the State argues that the district court lacked jurisdiction to enter its order awarding attorney's fees. We discussed this contention in detail in our opinion denying the State's petition for a writ of mandamus. There, we held that mandamus was inappropriate because the district court had jurisdiction to *consider* the request for attorney's fees under the supplemental relief provision of the declaratory judgment act. *See In re State*, 159 S.W.3d at 207-08 ("A trial court's jurisdiction to act does not simply dissolve if an appellate court later disagrees with that

court's determination that the [supplemental] relief was necessary and proper."). However, we did not reach the merits of whether the requested relief was appropriate under section 37.011 of declaratory judgment act. *Id*. For the reasons stated in our opinion denying the State's petition for a writ of mandamus, we overrule the State's jurisdictional issue. We next consider the merits of the district court's determination that an award of Anderson Courier's attorney's fees was necessary or proper supplemental relief under the declaratory judgment act.

**Attorney's Fees as Supplemental Relief under Section 37.011**

We begin our consideration of what is necessary or proper supplemental relief by discussing Anderson Courier's mistaken characterization that a declaratory judgment action must be separated into a "declaratory phase" and a "remedial phase." Anderson Courier states that our judgment finding H.B. 1544 unconstitutional ended the declaratory phase of its action and that its post-appeal requests for injunctive relief and attorney's fees were appropriate as part of a subsequent "remedial phase." In making this contention, Anderson Courier misconstrues a footnote in our opinion in *Rylander v. Caldwell*, 23 S.W.3d 132, 139 n.4 (Tex. App.—Austin 2000, no pet.). In that case, we explained that a trial court must first determine whether a challenged statute is constitutional and then determine whether injunctive relief would be an appropriate remedy. *Id*. However, *Caldwell* involved an interlocutory appeal from the denial of the State's plea to the jurisdiction raising sovereign immunity. *See id*. at 134. Our discussion of the trial court's need to consider whether the plaintiff was entitled to *injunctive* relief as part of the judgment simply does not speak to whether a post-judgment request for *attorney's fees* would be necessary or proper. Nor can our opinion in *Caldwell* be read to create a post-judgment "remedial phase" in a declaratory

judgment apart from a showing that injunctive relief is necessary to enforce the court's declaratory relief.

In fact, there is no need for a remedial phase in every declaratory judgment action because the law presumes that the parties will recognize and respect a declaratory judgment. *Howell v. Texas Workers' Comp. Comm'n*, 143 S.W.3d 416, 433 (Tex. App.—Austin 2004, pet. denied); *Valley Oil Co. v. City of Garland*, 499 S.W.2d 333, 335-36 (Tex. Civ. App.—Dallas 1973, no writ). Injunctive relief is only available upon a showing that a party will not comply with the judgment. *See Howell*, 143 S.W.3d at 433 (citing *Texas Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex.1994)); *Valley Oil Co.*, 499 S.W.2d at 336 ("the losing party in a declaratory judgment action can normally be expected to recognize the rights declared by the judgment and act accordingly, but that if he fails to do so, the court should have ample power to enforce the judgment by subsequent coercive orders"). Here, no such showing was made, and the district court's award of attorney's fees was not linked to Anderson Courier's requested injunctive relief.[1]

Our review of the case law discussing supplemental relief under the declaratory judgment act leads us to conclude that such relief must serve to effectuate the underlying judgment. Section 37.011 permits a trial court to grant supplemental relief based on a declaratory judgment when further relief is "necessary or proper." Tex. Civ. Prac. & Rem. Code Ann. § 37.011 ("Further

---

[1] Anderson Courier sought and obtained injunctive relief preventing the Travis County Attorney from enforcing H.B. 1544. This fact does not affect our consideration of the issues because no showing was made that the Travis County Attorney intended to ignore our judgment. *See Howell v. Texas Workers' Comp. Comm'n*, 143 S.W.3d 416, 433 (Tex. App.—Austin 2004, pet. denied). Moreover, the district court did not rely on the request for injunctive relief as a basis for its broad award of attorney's fees.

relief based on a declaratory judgment or decree may be granted whenever necessary or proper.”). Courts have uniformly explained that such relief must be ancillary to the judgment. *See Howell*, 143 S.W.3d at 433; *Hays County v. Hays City Water Planning P'ship*, 106 S.W.3d 349, 362 (Tex. App.—Austin 2003, no pet.); *Texas Dep't Pub. Safety v. Moore*, 985 S.W.2d 149, 156 (Tex. App.—Austin 1998, no pet.); *Mendleski v. Silvertooth*, 798 S.W.2d 30, 33 (Tex. App.—Corpus Christi 1990, no writ); *Davis v. Petcher*, 727 S.W.2d 29, 35 (Tex. App.—San Antonio 1987, writ ref'd n.r.e.). Section 37.011 does not permit parties to relitigate issues already resolved by a declaratory judgment. *See Lakeside Realty*, 2005 Tex. App. LEXIS 6024, at *3; *Genecov Group, Inc. v. Roosth Prod. Co.*, 144 S.W.3d 546, 553 (Tex. App.—Tyler 2003, pet. denied). However, a declaratory judgment does not necessarily bar supplemental relief even though such relief could have been granted in the original action. *See Valley Oil Co.*, 499 S.W.2d at 335-36. The Tyler court of appeals recently explained that under section 37.011, “the relief sought must be ‘additional relief’ arising out of the issues resolved by the prior declaratory judgment.” *Lakeside Realty*, 2005 Tex. App. LEXIS 6024, at *3; *see also Genecov Group*, 144 S.W.3d at 553 (further relief under section 37.011 defined as “in addition”).

In *Lakeside Realty*, the court of appeals held that Lakeside Realty's request for a clarification of its rights under a prior declaratory judgment constituted necessary or proper further relief under section 37.011. *Id.* Typically, further relief under section 37.011 is granted in the form of an injunction for the purpose of enforcing a declaratory judgment where the evidence shows that a party will not comply with the judgment. *See Howell*, 143 S.W.3d at 433 (citing *Leeper*, 893 S.W.2d at 446); *Valley Oil Co.*, 499 S.W.2d at 336.

6

With this framework in mind, we now consider whether Anderson Courier's post-appeal request for its attorney's fees expended to obtain the initial declaratory relief constituted necessary or proper further relief based on the declaratory judgment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.011. On its face, such an award cannot be construed as "in addition" to that judgment. *See Lakeside Realty*, 2005 Tex. App. LEXIS 6024, at *3; *Genecov Group*, 144 S.W.3d at 553. Attorney's fees would have been part and parcel of the initial declaratory judgment action, not supplemental relief. *See McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (judgment not final because it did not dispose of request for attorney's fees). In fact, Anderson Courier sought attorney's fees in its declaratory judgment action under section 37.009 in the trial court but did not pursue the issue on appeal. Because the issue was not raised on appeal, there was no reason for this Court to remand the case for further consideration after declaring H.B. 1544 unconstitutional.

Anderson Courier incorrectly relies on the supreme court's opinion in *Barshop v. Medina County Underground Water Conservation District* in support of the district court's award of attorney's fees. *See* 925 S.W.2d 618 (Tex. 1996). In that case, the State challenged the district court's award of declaratory relief and attorney's fees to the plaintiff. *Id*. at 638. The supreme court reversed the trial court's finding that the statute was unconstitutional and remanded the case to the trial court "to exercise its discretion as to whether attorney's fees should be awarded to either party." *Id*. at 638. *Barshop* provides a model for what Anderson Courier could have done to preserve its claim to attorney's fees. In *Barshop*, the State lost its declaratory judgment action and on appeal challenged both the declaratory relief granted by the district court and the issue of attorney's fees.

7

*Id*. at 637. No post-judgment request for attorney's fees under section 37.011 was necessary because the supreme court was asked to remand the case for consideration of attorney's fees.

The Texarkana court of appeals's opinion in *Amoco Production Co. v. Wood* is also instructive. *See* 113 S.W.3d 462 (Tex. App.—Texarkana 2003, no pet.). In that case, the court of appeals reversed the district court's summary judgment in favor of Wood and rendered judgment for Amoco. *Id*. at 467. In its original opinion, the court of appeals did not address the issue of attorney's fees. *See id*. Although it is unclear whether Amoco initially raised the issue on appeal, it sought rehearing asking the court of appeals to remand the case to the district court to consider whether, as the prevailing party, Amoco was entitled to its attorney's fees pursuant to the declaratory judgment act. *Id*. at 467. The court of appeals granted rehearing and remanded the case for a determination of attorney's fees. *Id*. at 468.

In both *Amoco* and *Barshop*, the case was remanded for consideration of attorney's fees as part of the appellate decision. By contrast, Anderson Courier never discussed the issue of attorney's fees in its earlier appeal to this Court—even on rehearing—and waited until after the mandate had issued to broach the issue with the district court, seeking supplemental relief under section 37.011. Thus, on the appeal from the original judgment, this Court did not remand the case as was done in *Barshop* and *Amoco*. *See Barshop*, 925 S.W.2d at 638; *Amoco*, 113 S.W.3d at 468.

Anderson Courier also defends the trial court's award of attorney's fees as supplemental relief by asking this court to harmonize the Texas declaratory judgment act with federal law. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.002(c) (West 1997) (statute should be construed to harmonize with "federal laws and regulations on the subject of declaratory judgments

and decrees"). In federal court, a request for attorney's fees is not considered with the merits of the case and must be sought by separate motion pursuant to Federal Rule of Civil Procedure 54(d) or other local court rule. *See* Fed. R. Civ. P. 54(d)(2)(B), (D). However, these are generally applicable procedural rules, not laws or regulations "on the subject of declaratory judgments and decrees." Tex. Civ. Prac. & Rem. Code Ann. § 37.002(c). We decline to diverge from the longstanding Texas practice of submitting the issue of attorney's fees with the merits of the underlying dispute. *See McNally*, 52 S.W.3d at 196.

As explained above, post-judgment relief under section 37.011 of the declaratory judgment act must be *additional* relief arising out of the original declaratory judgment. Although this does not preclude any relief that might have been requested in the original action, *see Valley Oil Co.*, 499 S.W.2d at 335-36, it does not open a back door to seek relief that should have been included in the original judgment or granted by the appellate court. By awarding Anderson Courier's attorney's fees for the declaratory judgment absent a remand, the district court permitted Anderson Courier to litigate an issue that it had waived on appeal. The award of attorney's fees did not serve to effectuate the declaratory judgment. Accordingly, we hold that the award of Anderson Courier's attorney's fees in obtaining declaratory relief was not necessary or proper further relief under section 37.011 of the declaratory judgment act.[2] *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.011; *Lakeside*

---

[2] Although we hold that Anderson Courier's requested attorney's fees for its initial suit were not necessary or proper further relief, we state no opinion regarding a party's entitlement to attorney's fees expended in obtaining other appropriate relief pursuant to section 37.011 of the declaratory judgment act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (court may award attorney's fees "in any proceeding under this chapter").

9

*Realty*, 2005 Tex. App. LEXIS 6024, at *3. We reverse the district court's award of attorney's fees and render a take nothing judgment in favor of the State.

 

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Reversed and Rendered

Filed:   December 16, 2005