TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-04-00756-CV






State of Texas and Greg Abbott, Attorney General

of the State of Texas, Appellants


v.


Anderson Courier Service; ACC-A-FAX; Accident Review, Inc.

and Dr. Eric Randolph, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT

NO. GN102836, HONORABLE DARLENE BYRNE, JUDGE PRESIDING



 

O P I N I O N




 In this case, we are asked to determine whether attorney's fees incurred in obtaining
a declaratory judgment may be awarded through a request for supplemental relief under section
37.011 of the declaratory judgment act. See Tex. Civ. Prac. & Rem. Code Ann. §§ 37.009, .011
(West 1997). This is our third occasion to decide issues arising from this cause. We originally
reversed the district court's denial of declaratory relief and held unconstitutional the statute
challenged by Anderson Courier. See Anderson Courier Serv. v. State, 104 S.W.3d 121, 123 (Tex.
App.--Austin 2003, pet. denied). More recently, we denied the State's petition for a writ of
mandamus challenging the district court's jurisdiction to consider Anderson Courier's request for
attorney's fees as supplemental relief. See In re State of Tex., 159 S.W.3d 203, 207-08 (Tex.
App.--Austin 2005, orig. proceeding). In that opinion, we held that the district court had
jurisdiction to consider a request for attorney's fees under section 37.011 of the declaratory judgment
act but reserved our determination of whether the requested attorney's fees were "necessary or
proper" supplemental relief. Id. Now that the issue is properly before this Court on appeal, we hold
that the award of attorney's fees in this case was not "necessary or proper" supplemental relief under
the declaratory judgment act. See Tex. Civ. Prac. & Rem. Code Ann. § 37.011. Accordingly, we
reverse the judgment of the district court and render a take nothing judgment in favor of the State.


BACKGROUND

 This case stems from Anderson Courier's challenge to H.B. 1544, a statute
prohibiting the collection and sale of accident reports generated by law enforcement. Anderson
Courier filed suit seeking a declaration that H.B. 1544 was unconstitutional, an injunction preventing
the State from enforcing the statute, and attorney's fees. The district court upheld the validity of the
statute. On appeal, Anderson Courier asked this Court to reverse the district court's judgment and
to remand the case for further proceedings. Anderson Courier did not mention its claim for
attorney's fees. This Court agreed with Anderson Courier's constitutional challenge and rendered
judgment declaring that "H.B. 1544 unconstitutionally regulates commercial free speech." Anderson
Courier Serv. v. State, 104 S.W.3d at 123. Anderson Courier did not file a motion for rehearing
seeking a remand for the consideration of injunctive relief or attorney's fees. After the supreme
court denied the State's petition for discretionary review, Anderson Courier filed a motion for
supplemental relief in the district court seeking a permanent injunction against enforcement of H.B.
1544 and an award of attorney's fees for its prosecution of the entire case. Two months later,
Anderson Courier entered into an agreed order in which the Travis County Attorney agreed to a
permanent injunction against enforcement of H.B. 1544 and Anderson Courier agreed not to seek
attorney's fees from the county. Anderson Courier continued to pursue an award of attorney's fees
against the State. The district court entered judgment ordering the State to pay $368,857 in
attorney's fees as supplemental relief under the declaratory judgment act. See Tex. Civ. Prac. &
Rem. Code Ann. § 37.011. 


DISCUSSION

 The determinative issue before us is whether the district court's award of Anderson
Courier's attorney's fees was necessary or proper further relief under section 37.011 of the
declaratory judgment act. Because this issue requires construction of the act, we review the district
court's order de novo. See United Teacher Assoc. Ins. Co. v. Union Labor Life Ins. Co., 414 F.3d
558, 570 (5th Cir. 2005) (de novo review when determination of grant of further relief based on
question of law); Lakeside Realty, Inc. v. Lifescape Homeowners Ass'n, No. 12-03-00315-CV, 2005
Tex. App. LEXIS 6024, at *3 (Tex. App.--Tyler July 29, 2005, no pet.) (citing federal case law for
standard of review for grant of supplemental relief under section 37.011).

 

Jurisdiction

 In its first issue, the State argues that the district court lacked jurisdiction to enter its
order awarding attorney's fees. We discussed this contention in detail in our opinion denying the
State's petition for a writ of mandamus. There, we held that mandamus was inappropriate because
the district court had jurisdiction to consider the request for attorney's fees under the supplemental
relief provision of the declaratory judgment act. See In re State, 159 S.W.3d at 207-08 ("A trial
court's jurisdiction to act does not simply dissolve if an appellate court later disagrees with that
court's determination that the [supplemental] relief was necessary and proper."). However, we did
not reach the merits of whether the requested relief was appropriate under section 37.011 of
declaratory judgment act. Id. For the reasons stated in our opinion denying the State's petition for
a writ of mandamus, we overrule the State's jurisdictional issue. We next consider the merits of the
district court's determination that an award of Anderson Courier's attorney's fees was necessary or
proper supplemental relief under the declaratory judgment act.


Attorney's Fees as Supplemental Relief under Section 37.011

 We begin our consideration of what is necessary or proper supplemental relief by
discussing Anderson Courier's mistaken characterization that a declaratory judgment action must
be separated into a "declaratory phase" and a "remedial phase." Anderson Courier states that our
judgment finding H.B. 1544 unconstitutional ended the declaratory phase of its action and that its
post-appeal requests for injunctive relief and attorney's fees were appropriate as part of a subsequent
"remedial phase." In making this contention, Anderson Courier misconstrues a footnote in our
opinion in Rylander v. Caldwell, 23 S.W.3d 132, 139 n.4 (Tex. App.--Austin 2000, no pet.). In that
case, we explained that a trial court must first determine whether a challenged statute is
constitutional and then determine whether injunctive relief would be an appropriate remedy. Id. 
However, Caldwell involved an interlocutory appeal from the denial of the State's plea to the
jurisdiction raising sovereign immunity. See id. at 134. Our discussion of the trial court's need to
consider whether the plaintiff was entitled to injunctive relief as part of the judgment simply does
not speak to whether a post-judgment request for attorney's fees would be necessary or proper. Nor
can our opinion in Caldwell be read to create a post-judgment "remedial phase" in a declaratory
judgment apart from a showing that injunctive relief is necessary to enforce the court's declaratory
relief. 

 In fact, there is no need for a remedial phase in every declaratory judgment action
because the law presumes that the parties will recognize and respect a declaratory judgment. Howell
v. Texas Workers' Comp. Comm'n, 143 S.W.3d 416, 433 (Tex. App.--Austin 2004, pet. denied);
Valley Oil Co. v. City of Garland, 499 S.W.2d 333, 335-36 (Tex. Civ. App.--Dallas 1973, no writ). 
Injunctive relief is only available upon a showing that a party will not comply with the judgment. 
See Howell, 143 S.W.3d at 433 (citing Texas Educ. Agency v. Leeper, 893 S.W.2d 432, 446
(Tex.1994)); Valley Oil Co., 499 S.W.2d at 336 ("the losing party in a declaratory judgment action
can normally be expected to recognize the rights declared by the judgment and act accordingly, but
that if he fails to do so, the court should have ample power to enforce the judgment by subsequent
coercive orders"). Here, no such showing was made, and the district court's award of attorney's fees
was not linked to Anderson Courier's requested injunctive relief. (1)

 Our review of the case law discussing supplemental relief under the declaratory
judgment act leads us to conclude that such relief must serve to effectuate the underlying judgment. 
Section 37.011 permits a trial court to grant supplemental relief based on a declaratory judgment
when further relief is "necessary or proper." Tex. Civ. Prac. & Rem. Code Ann. § 37.011 ("Further
relief based on a declaratory judgment or decree may be granted whenever necessary or proper."). 
Courts have uniformly explained that such relief must be ancillary to the judgment. See Howell, 143
S.W.3d at 433; Hays County v. Hays City Water Planning P'ship, 106 S.W.3d 349, 362 (Tex.
App.--Austin 2003, no pet.); Texas Dep't Pub. Safety v. Moore, 985 S.W.2d 149, 156 (Tex.
App.--Austin 1998, no pet.); Mendleski v. Silvertooth, 798 S.W.2d 30, 33 (Tex. App.--Corpus
Christi 1990, no writ); Davis v. Petcher, 727 S.W.2d 29, 35 (Tex. App.--San Antonio 1987, writ
ref'd n.r.e.). Section 37.011 does not permit parties to relitigate issues already resolved by a
declaratory judgment. See Lakeside Realty, 2005 Tex. App. LEXIS 6024, at *3; Genecov Group,
Inc. v. Roosth Prod. Co., 144 S.W.3d 546, 553 (Tex. App.--Tyler 2003, pet. denied). However, a
declaratory judgment does not necessarily bar supplemental relief even though such relief could have
been granted in the original action. See Valley Oil Co., 499 S.W.2d at 335-36. The Tyler court of
appeals recently explained that under section 37.011, "the relief sought must be 'additional relief'
arising out of the issues resolved by the prior declaratory judgment." Lakeside Realty, 2005 Tex.
App. LEXIS 6024, at *3; see also Genecov Group, 144 S.W.3d at 553 (further relief under section
37.011 defined as "in addition"). 

 In Lakeside Realty, the court of appeals held that Lakeside Realty's request for a
clarification of its rights under a prior declaratory judgment constituted necessary or proper further
relief under section 37.011. Id. Typically, further relief under section 37.011 is granted in the form
of an injunction for the purpose of enforcing a declaratory judgment where the evidence shows that
a party will not comply with the judgment. See Howell, 143 S.W.3d at 433 (citing Leeper, 893
S.W.2d at 446); Valley Oil Co., 499 S.W.2d at 336. 

 With this framework in mind, we now consider whether Anderson Courier's post-appeal request for its attorney's fees expended to obtain the initial declaratory relief constituted
necessary or proper further relief based on the declaratory judgment. See Tex. Civ. Prac. & Rem.
Code Ann. § 37.011. On its face, such an award cannot be construed as "in addition" to that
judgment. See Lakeside Realty, 2005 Tex. App. LEXIS 6024, at *3; Genecov Group, 144 S.W.3d
at 553. Attorney's fees would have been part and parcel of the initial declaratory judgment action,
not supplemental relief. See McNally v. Guevara, 52 S.W.3d 195, 196 (Tex. 2001) (judgment not
final because it did not dispose of request for attorney's fees). In fact, Anderson Courier sought
attorney's fees in its declaratory judgment action under section 37.009 in the trial court but did not
pursue the issue on appeal. Because the issue was not raised on appeal, there was no reason for this
Court to remand the case for further consideration after declaring H.B. 1544 unconstitutional. 

 Anderson Courier incorrectly relies on the supreme court's opinion in Barshop v.
Medina County Underground Water Conservation District in support of the district court's award
of attorney's fees. See 925 S.W.2d 618 (Tex. 1996). In that case, the State challenged the district
court's award of declaratory relief and attorney's fees to the plaintiff. Id. at 638. The supreme court
reversed the trial court's finding that the statute was unconstitutional and remanded the case to the
trial court "to exercise its discretion as to whether attorney's fees should be awarded to either party." 
Id. at 638. Barshop provides a model for what Anderson Courier could have done to preserve its
claim to attorney's fees. In Barshop, the State lost its declaratory judgment action and on appeal
challenged both the declaratory relief granted by the district court and the issue of attorney's fees. 
Id. at 637. No post-judgment request for attorney's fees under section 37.011 was necessary because
the supreme court was asked to remand the case for consideration of attorney's fees.

 The Texarkana court of appeals's opinion in Amoco Production Co. v. Wood is also
instructive. See 113 S.W.3d 462 (Tex. App.--Texarkana 2003, no pet.). In that case, the court of
appeals reversed the district court's summary judgment in favor of Wood and rendered judgment for
Amoco. Id. at 467. In its original opinion, the court of appeals did not address the issue of
attorney's fees. See id. Although it is unclear whether Amoco initially raised the issue on appeal,
it sought rehearing asking the court of appeals to remand the case to the district court to consider
whether, as the prevailing party, Amoco was entitled to its attorney's fees pursuant to the declaratory
judgment act. Id. at 467. The court of appeals granted rehearing and remanded the case for a
determination of attorney's fees. Id. at 468. 

 In both Amoco and Barshop, the case was remanded for consideration of attorney's
fees as part of the appellate decision. By contrast, Anderson Courier never discussed the issue of
attorney's fees in its earlier appeal to this Court--even on rehearing--and waited until after the
mandate had issued to broach the issue with the district court, seeking supplemental relief under
section 37.011. Thus, on the appeal from the original judgment, this Court did not remand the case
as was done in Barshop and Amoco. See Barshop, 925 S.W.2d at 638; Amoco, 113 S.W.3d at 468.

 Anderson Courier also defends the trial court's award of attorney's fees as
supplemental relief by asking this court to harmonize the Texas declaratory judgment act with
federal law. See Tex. Civ. Prac. & Rem. Code Ann. § 37.002(c) (West 1997) (statute should be
construed to harmonize with "federal laws and regulations on the subject of declaratory judgments
and decrees"). In federal court, a request for attorney's fees is not considered with the merits of the
case and must be sought by separate motion pursuant to Federal Rule of Civil Procedure 54(d) or
other local court rule. See Fed. R. Civ. P. 54(d)(2)(B), (D). However, these are generally applicable
procedural rules, not laws or regulations "on the subject of declaratory judgments and decrees." Tex.
Civ. Prac. & Rem. Code Ann. § 37.002(c). We decline to diverge from the longstanding Texas
practice of submitting the issue of attorney's fees with the merits of the underlying dispute. See
McNally, 52 S.W.3d at 196. 

 As explained above, post-judgment relief under section 37.011 of the declaratory
judgment act must be additional relief arising out of the original declaratory judgment. Although
this does not preclude any relief that might have been requested in the original action, see Valley Oil
Co., 499 S.W.2d at 335-36, it does not open a back door to seek relief that should have been included
in the original judgment or granted by the appellate court. By awarding Anderson Courier's
attorney's fees for the declaratory judgment absent a remand, the district court permitted Anderson
Courier to litigate an issue that it had waived on appeal. The award of attorney's fees did not serve
to effectuate the declaratory judgment. Accordingly, we hold that the award of Anderson Courier's
attorney's fees in obtaining declaratory relief was not necessary or proper further relief under section
37.011 of the declaratory judgment act. (2) See Tex. Civ. Prac. & Rem. Code Ann. § 37.011; Lakeside
Realty, 2005 Tex. App. LEXIS 6024, at *3. We reverse the district court's award of attorney's fees
and render a take nothing judgment in favor of the State.



 Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Reversed and Rendered

Filed: December 16, 2005
1. Anderson Courier sought and obtained injunctive relief preventing the Travis County
Attorney from enforcing H.B. 1544. This fact does not affect our consideration of the issues because
no showing was made that the Travis County Attorney intended to ignore our judgment. See Howell
v. Texas Workers' Comp. Comm'n, 143 S.W.3d 416, 433 (Tex. App.--Austin 2004, pet. denied). 
Moreover, the district court did not rely on the request for injunctive relief as a basis for its broad
award of attorney's fees. 
2. Although we hold that Anderson Courier's requested attorney's fees for its initial suit were
not necessary or proper further relief, we state no opinion regarding a party's entitlement to
attorney's fees expended in obtaining other appropriate relief pursuant to section 37.011 of the
declaratory judgment act. See Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (court may award
attorney's fees "in any proceeding under this chapter").