2008 OK CIV APP 34

**L & I EXPLORATION CORPORATION,**
**Plaintiff/Appellee,**

v.

**CHESAPEAKE ORC, LLC,**
**Defendant/Appellant.**

**No. 104,740.**

Court of Civil Appeals of Oklahoma,
Division No. 2.

Feb. 28, 2008.

Robert H. Gilliland, Jr., Beauchamp M. Patterson, McAfee & Taft, Oklahoma City, OK, for Plaintiff/Appellee.

Fred R. Gipson, Oklahoma City, OK, for Defendant/Appellant.

JANE P. WISEMAN, Judge.

¶1 Defendant, Chesapeake ORC, LLC (Chesapeake) appeals from an order of the trial court granting summary judgment in favor of L & I Exploration Corporation (L & I). The question before us is whether the trial court erred in finding that L & I was entitled to judgment as a matter of law. We find that the trial court did not err and affirm its decision.

## FACTS AND PROCEDURAL HISTORY

¶2 L & I filed a petition on November 12, 2003, stating claims against Chesapeake for unjust enrichment and for monies had and received in the amount of $47,101.93 that it had previously paid to Chesapeake under protest.

¶3 L & I alleged that Chesapeake is the successor-in-interest to ONEOK Resources Company (ONEOK) which, at the time Chesapeake acquired ONEOK, was the defendant in a lawsuit in Cleveland County, Oklahoma. Based on its status as a non-operating working interest owner in the natural gas wells at issue in the case, L & I was a co-plaintiff with numerous other plaintiffs in that lawsuit. The plaintiffs in the previous action sought a declaratory judgment determining that ONEOK "had acted in violation of the parties' Joint Operating Agreements (the 'JOA') by recalculating certain Indirect Overhead Charges under the JOA in a manner that violated the JOA without first obtaining the consent of the Non–Operating Working Interest Owners." In a counterclaim, ONEOK asserted that it properly calculated the charges and sought money damages against all non-operator plaintiffs except L & I.

¶4 L & I alleged that a jury rendered a verdict in favor of L & I and the other non-operator plaintiffs on the declaratory judgment and the counterclaim. L & I asserted that, unlike the other plaintiffs in the lawsuit, it "had paid the higher, recalculated overhead rates under protest during the pendency of the case" and the total amount paid under protest was $47,191.93. L & I made written demand on Chesapeake for $47,191.93, but Chesapeake refused to return the requested amount.

¶5 In the present case, Chesapeake filed a motion to dismiss, or in the alternative, a motion for summary judgment in which it asserted that, after the jury returned its verdict in the previous case, L & I asked that language be added to the journal entry of judgment indicating that it was entitled to reimbursement for the amount it paid over and above the overhead charges. Chesapeake objected to the inclusion of the requested language. The trial court refused to grant money damages to L & I because L & I had not requested such relief. L & I did not appeal the trial court's denial of money damages in the previous case. Chesapeake asserts that L & I was attempting to split its claim into two lawsuits and that the current lawsuit is barred.

¶6 The trial court denied Chesapeake's motion to dismiss. After Chesapeake filed its answer, L & I filed a motion for summary judgment, offering as undisputed the facts it had previously set out in its petition and adding documentation to support these assertions of fact. L & I further alleged that it retained all of its rights and interest in the previous lawsuit after it sold its interest in the wells at issue in the declaratory judgment action. It also claimed that the portion of excess indirect overhead charges paid by L & I had been determined by the parties to be $39,377.28.

¶7 Chesapeake admitted most of L & I's statement of undisputed facts except it denied that (1) a counterclaim was ever asserted against L & I; (2) L & I paid the disputed amounts only during the lawsuit (Chesapeake claimed that the majority was paid before L & I was added as a party); (3) the jury rendered a verdict in favor of L & I on the counterclaim (Chesapeake denied any counterclaim against L & I); (4) L & I made a written demand for return of overpayment after the jury verdict (Chesapeake claimed that L & I made a demand for overpayment

both prior to and after the entry of judgment in the previous lawsuit); and (5) L & I made payments under protest (Chesapeake claimed that L & I failed to support this claim with evidentiary material).

¶ 8 The trial court found that no material facts were in dispute, that L & I's prior declaratory judgment against Chesapeake was proper, and that it was inequitable to allow Chesapeake to retain amounts paid by L & I in excess of the charges permissible under the JOA. The court concluded that (1) this action to recover the "overpayments is one for further relief in accordance with the results of the prior declaratory judgment action;" (2) L & I's "claim for money damages did not exist at the time of the prior declaratory judgment action and did not accrue until such time as the issue of proper or improper calculation of expenses and assessments was determined by a jury;" and (3) L & I's present action does not amount to a splitting of a cause of action and it can recover for "Monies Had and Received" and "Unjust Enrichment." The trial court granted summary judgment in favor of L & I and awarded it $39,377.28 plus interest. Chesapeake appeals.

## STANDARD OF REVIEW

¶ 9 Summary judgment is properly granted "when the pleadings, affidavits, depositions, admissions or other evidentiary materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Davis v. Leitner*, 1989 OK 146, ¶ 9, 782 P.2d 924, 926. When reviewing the grant of summary judgment, we must view all inferences and conclusions to be drawn from the evidentiary materials in a light most favorable to the party opposing the motion. *Id.*

¶ 10 Although a trial court considers factual matters when deciding whether summary judgment is appropriate, its ultimate decision is purely legal: "whether one party is entitled to judgment as a matter of law because there are no material disputed factual questions." *Carmichael v. Beller*, 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053. Our standard of review on appeal is therefore *de novo*. *Id.*

## ANALYSIS

¶ 11 The material facts are not in dispute, and what remains for this Court to decide is an issue of law: whether L & I could pursue a separate lawsuit to recover damages after the previous declaratory judgment was entered in plaintiffs' favor. We find that the trial court did not err in concluding L & I was entitled to judgment as a matter of law. Oklahoma law does not prevent L & I from bringing a lawsuit to recover damages in this case.

¶ 12 Oklahoma's Declaratory Judgments Act provides, in part:

A determination of rights, status, or other legal relations may be obtained by means of a pleading seeking that relief alone or as incident to or part of a petition, counterclaim, or other pleading seeking other relief, and, when a party seeks other relief, a court may grant declaratory relief where appropriate.

12 O.S.2001 § 1652. Title 12 O.S.2001 § 1655 states:

Further relief based upon a determination of rights, status, or other legal relations *may be granted whenever such relief becomes necessary and proper after the determination has been made.* Application may be made by petition to any court having jurisdiction for an order directed to any party or parties whose rights have been determined to show cause why the further relief should not be granted forthwith, upon reasonable notice prescribed by the court in its order.

(Emphasis added.)

¶ 13 Oklahoma's Declaratory Judgments Act is based on the Uniform Declaratory Judgments Act. *See Oklahoma Alcoholic Beverage Control Bd. v. Central Liquor Co.,* 1966 OK 243, ¶ 9, 421 P.2d 244, 247. The Uniform Declaratory Judgments Act § 8 provides, in regard to "further relief," the following:

Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition to a court

having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith.

¶ 14 In *Lakeside Realty, Inc. v. Life Scape Homeowners Association*, 202 S.W.3d 186, 189 (Tex.Ct.App.2005), the Texas Court of Appeals found that the Uniform Declaratory Judgments Act "allows for further relief based on a declaratory judgment upon a showing that the relief is necessary and proper." " 'Further relief' is ancillary to the declaratory relief and may be sought in the same proceeding *or in a later proceeding.*" *Id.* at 191 (emphasis added). If the relief is sought in a later proceeding, it "must be 'additional relief' arising out of the issues resolved by the prior declaratory judgment." *Id.*

¶ 15 In *Farley v. Missouri Department of Natural Resources*, 592 S.W.2d 539, 540–41 (Mo.Ct.App.1979), the Missouri Court of Appeals stated, "According to virtually unanimous authorities, the effect of a prior declaratory judgment, although conclusive as to matters declared, is not to merge in the judgment a subsequent claim for coercive relief arising out of the same cause of action." The Court held that a plaintiff's separate lawsuit for damages was not precluded by a prior declaratory judgment in which she did not seek damages. *Id.* at 541.

¶ 16 Restatement (Second) of Judgments § 33 (1982) reinforces this view.

A valid and final judgment in an action brought to declare rights or other legal relations of the parties is conclusive in a subsequent action between them as to the matters declared, and, in accordance with the rules of issue preclusion, as to any issues actually litigated by them and determined in the action.

*Id.* Comment c to section 33 states the following:

*Effects as to matters not declared.* When a plaintiff seeks solely declaratory relief, the weight of authority does not view him as seeking to enforce a claim against the defendant. Instead, he is seen as merely requesting a judicial declaration as to the existence and nature of a relation between himself and the defendant. The effect of such a declaration, under this approach, is not to merge a claim in the judgment or to bar it. Accordingly, regardless of outcome, the plaintiff or defendant may pursue further declaratory or coercive relief in a subsequent action.

A plaintiff who wins a declaratory judgment may go on to seek further relief, even in an action on the same claim which prompted the action for a declaratory judgment. This further relief may include damages which had accrued at the time the declaratory relief was sought; it is irrelevant that the further relief could have been requested initially.... Nonmerger is justified by arguments based on the purpose of declaratory relief. A declaratory action is intended to provide a remedy that is simpler and less harsh than coercive relief, if it appears that a declaration might terminate the potential controversy. This idea that declaratory actions are to supplement rather than supersede other types of litigation is fortified by the provisions of the Uniform and Federal Acts for "further relief" when necessary or proper; these provisions represent a legislative scheme antithetical to merger....

A plaintiff who has lost a declaratory judgment action may also bring a subsequent action for other relief, subject to the constraint of the determinations made in the declaratory action. The theory is the same: a declaratory action determines only what it actually decides and does not have a claim preclusive effect on other contentions that might have been advanced. That approach is also applicable with respect to a counterclaim by a defendant that, in any other type of action, would be barred....

¶ 17 Finally, in *Principal Mutual Life Insurance Company v. Straus*, 116 N.M. 412, 863 P.2d 447, 451 (1993), the New Mexico Supreme Court, citing Comment c of § 33, stated that in a declaratory judgment action, "a declaratory judgment on liability can be final without a ruling on damages" and "[r]equests for damages may then be pursued in

separate litigation as supplemental relief under the Declaratory Judgment Act ... or through other legal action."

¶ 18 We find the reasoning set forth in these authorities to be sound and persuasive. L & I was not barred from bringing this lawsuit for damages based on its failure to appeal from the trial court's denial of further relief in the declaratory judgment action. L & I and the other plaintiffs in the declaratory judgment action were requesting a judicial determination as to whether Chesapeake had violated the joint operating agreements. The declaration of the trial court in the previous action did not bar L & I's claim for damages. The amount of damages owed by Chesapeake was not in dispute, and the trial court properly granted judgment in favor of L & I.

## CONCLUSION

¶ 19 We find that the trial court correctly held that no material facts were in dispute and that L & I was entitled to judgment as a matter of law. Oklahoma law does not bar L & I from bringing a subsequent lawsuit for damages. Accordingly, we affirm the order of the trial court granting summary judgment in favor of L & I.

¶ 20 **AFFIRMED.**

GOODMAN, P.J., and GABBARD, J. (sitting by designation), concur.