Opinion issued April 2, 2009








 







In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00007-CV






JAWAD N. ALSHEIKH., Appellant


V.


ARABIAN NATIONAL SHIPPING CORP., Appellee






On Appeal from 269th District Court

Harris County, Texas

Trial Court Cause No. 2007-11508






MEMORANDUM OPINION

 Appellant, Jawad N. Alsheikh, appeals the trial court's judgment in favor of
appellee, Arabian National Shipping Corp. (Arabian). In two issues, Alsheikh asserts
the trial court erred because the doctrine of res judicata barred this suit, and because
the evidence is legally insufficient to establish the amount of attorneys' fees awarded. 
We conclude this suit is not barred by res judicata, and the evidence is legally
sufficient to support the award for attorneys' fees. We affirm the judgment of the trial
court.

Background 

 In 1990, Alsheikh made two promissory notes totaling about $154,000 to
Arabian. The notes matured one year after issuance, had identical interest rates, and
were secured by deeds of trust on real property Alsheikh owns in Harris County.
Alsheikh did not timely pay the notes but made partial payments through May 2004. 
In 2005, Arabian sent Alsheikh a notice of default and demand for payment.
Subsequently, Alsheikh filed suit in the trial court seeking a declaratory judgment that
the liens securing the notes had expired based on the four-year statute of limitations
governing real property liens. The trial court granted Arabian's motion for summary
judgment, stating that neither the debts nor the liens were discharged by limitations,
and the Fourteenth Court of Appeals affirmed. See Alsheikh v. Arabian Nat. Shipping
Corp., No. 14-05-00787-CV, 2006 WL 1675384 (Tex. App.--Houston [14th Dist.]
2006, no pet.) (mem. op.) (hereinafter Alsheikh I).

 When Alsheikh continued to refuse to pay the debts, Arabian filed a suit for
breach of contract to collect the amounts due under the notes. Alsheikh filed a
separate suit seeking a declaration of the amounts due under the notes and an
injunction preventing Arabian from foreclosing its liens on Alsheikh's property
secured by the notes. The lawsuits were consolidated into a single cause, then the
application for judicial foreclosure was severed into a separate cause. After a one-day
bench trial, the trial court ordered Arabian recover $302,176.59 from Alsheikh, plus
post-judgment interest; ordered Alsheikh to pay Arabian's reasonable and necessary
attorneys' fees in the amount of $100,000, plus $20,000 if the case proceeded to the
court of appeals, plus another $20,000 if writ was sought from the Texas Supreme
Court, plus post-judgment interest; and ordered that Alsheikh take nothing on his
claims against Arabian.

Res Judicata

 In his first issue, Alsheikh asserts this lawsuit is barred by res judicata because
Alsheikh I involved the same parties, this lawsuit involves claims that could have
been raised in Alsheikh I, and Alsheikh I resulted in a final judgment. See Amstadt v.
U.S. Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996) (defining elements of res
judicata). In its appellee's brief, Arabian contends Alsheikh did not raise the
affirmative defense of res judicata below, so the argument is waived on appeal. See
Tex. R. Civ. P. 94. Alsheikh responds that the defense of res judicata was raised in
the pleadings, or alternatively, was tried by consent. Assuming Alsheikh is correct
that either the defense of res judicata was raised in the pleadings or tried by consent,
we conclude the instant lawsuit is not barred by res judicata.

 Arabian contends the lawsuit is not barred by res judicata because the suit is
for further relief based on a declaratory judgment, which is permitted under section
37.011 of the Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code
Ann. § 37.011 (Vernon 2008). Alsheikh responds that section 37.011 does not apply
because Arabian did not seek declaratory relief in Alsheikh I. See id. Section 37.011
allows any "further relief" that is based on a declaratory judgment or decree, as
follows:

Further relief based on a declaratory judgment or decree may be granted
whenever necessary or proper. The application must be by petition to
a court having jurisdiction to grant the relief. If the application is
deemed sufficient, the court shall, on reasonable notice, require any
adverse party whose rights have been adjudicated by the declaratory
judgment or decree to show cause why further relief should not be
granted forthwith.


Id. Here, the further relief is in the form of a judgment for the amount due under the
notes, which follows the trial court's declaratory judgment in Alsheikh I, where the
trial court determined that the debts and liens were not discharged by limitations. We
conclude the lawsuit is not barred by res judicata because the suit is for further relief
based on a declaratory judgment, as permitted under section 37.011 of the Civil
Practice and Remedies Code. See id. 

 We also note that when section 37.011 applies, a previous judgment granting
only declaratory relief does not bar a subsequent application for relief based on rights
declared in the prior judgment, "even though such relief could have been granted in
the original action," unless such application was actually considered and denied in
the original action. State v. Anderson Courier Serv., 222 S.W.3d 62, 66 (Tex.
App.--Austin 2005, pet. denied); Valley Oil Co. v. City of Garland, 499 S.W.2d 333,
335 (Tex. Civ. App--Dallas 1973, no writ). As our sister court explained, 

the rationale for this apparent departure from the usual rule of res
judicata is that the losing party in a declaratory judgment action can
normally be expected to recognize the rights declared by the judgment
and act accordingly, but that if he fails to do so, the court should have
ample power to enforce the judgment by subsequent coercive orders,
whether or not such relief was sought in the original action. 


Valley Oil Co., 499 S.W.2d at 336; see also 3 William V. Dorsaneo III, Texas
Litigation Guide § 45.03 (2008) ("After a party has obtained a declaratory judgment,
a subsequent suit may be brought for further relief if it is necessary or proper. This
rule involves a departure from the strict application of res judicata, which would
ordinarily bar a subsequent proceeding because coercive relief could have been
granted in the original action. It is justified on the theory that the loser may be
expected to recognize the rights declared by the judgment, and if not, some form of
compulsion should be available.").

 Because Alsheikh refused to pay his debts secured by the two notes after
Alsheikh I--a declaratory judgment action--we conclude Arabian was entitled under
section 37.011 to seek relief to enforce the judgment in Alsheikh I. See Anderson
Courier, 222 S.W.3d at 66; Valley Oil Co., 499 S.W.2d at 335. We hold the
underlying lawsuit is not barred by res judicata. We overrule Alsheikh's first issue. 

Attorneys' Fees

 In his second issue, Alsheikh asserts the evidence is legally insufficient to
support the trial court's award of $100,000 in attorneys' fees to Arabian. 

 In general, the reasonableness of attorneys' fees is question of fact. City of
Garland v. Dallas Morning News, 22 S.W.3d 351, 367 (Tex. 2000). In an appeal
from a bench trial, we may not invade the fact-finding role of the trial court, who
alone determines the credibility of the witnesses, the weight to give their testimony,
and whether to accept or reject all or any part of that testimony. Volume Millwork,
Inc. v. W. Houston Airport Corp., 218 S.W.3d 722, 730 (Tex. App.--Houston [1st
Dist.] 2006, pet. denied).

 A party can recover reasonable attorneys' fees if he prevails and recovers
damages on a cause of action for which recovery of attorneys' fees is permitted. See
Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (Vernon 2008); Green Int'l, Inc. v.
Solis, 951 S.W.2d 384, 390 (Tex. 1997). The grant or denial of attorneys' fees is
within the trial court's sound discretion, and we will not reverse the court's ruling
regarding attorneys' fees unless there is a clear abuse of discretion. Ryan v.
Abdel-Salam, 39 S.W.3d 332, 337 (Tex. App.--Houston [1st Dist.] 2001, pet.
denied).

 When reviewing the reasonableness of an award for attorneys' fees, a court
should consider the following:

 (1) the time and labor required, the novelty and difficulty of the
questions involved, and the skill required to perform the legal
service properly;


 (2) the likelihood that the acceptance of the particular employment
will preclude other employment by the lawyer;

 

 (3) the fee customarily charged in the locality for similar legal
services;

 

 (4) the amount involved and the results obtained;

 

 (5) the time limitations imposed by the client or by the
circumstances;

 

 (6) the nature and length of the professional relationship with the
client;

 

 (7) the experience, reputation, and ability of the lawyer or lawyers
performing the services; and

 

 (8) whether the fee is fixed or contingent on results obtained or
uncertainty of collection before the legal services have been
rendered. 


Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex. 1997)
(citing Tex. Disciplinary R. Prof'l Conduct 1.04). Attorneys' fees must bear
some reasonable relationship to the amount in controversy, but the amount of
damages awarded is only one factor in determining the reasonableness of a fee award. 
USAA County Mut. Ins. Co. v. Cook, 241 S.W.3d 93, 103 (Tex. App.--Houston [1st
Dist.] 2007, no pet.). We examine each of these factors separately.

 1. Time, Labor, Novelty, Difficulty, and Skill

 The first factor requires that we examine the time and labor required, the
novelty and difficulty of the questions involved, and the skill required to perform the
legal service properly. Kennedy, Arabian's trial attorney, did not testify about the
exact number of hours expended on this case or the rate charged. Kennedy did testify
that the "efforts required to overcome the delay tactics in this case" were significant:

 I cut my teeth doing collection work on behalf of the Resolution
and Trust Corporation, the FDIC. I have pursued debtors for a long
time. I've seen all kinds of tricks tried in order to avoid payment of
debts. Frankly, I've seen all of the tricks that were tried in this case at
separate times. I've never seen anyone try them all together in one
lawsuit. That is a significant factor for why the attorney fees are high in
this case. That includes the forum shopping found by the bankruptcy
court when the bankruptcy was filed on the eve of the last trial setting.


 2. Affect on Other Employment

 The record is silent concerning the second factor, which pertains to evidence
of the likelihood that the acceptance of the particular employment will preclude other
employment by the lawyer. 

 3. Fee Charged in Locality 

 The third factor is the fee customarily charged in the locality for similar legal
services. Kennedy did not testify about the exact number of hours expended on this
case or the rate charged to reach the hourly estimate of $80,000. Nevertheless, the
trial court was permitted to "take judicial notice of the usual and customary attorney's
fees and of the contents of the case file without receiving further evidence," Tex. Civ.
Prac. & Rem. Code Ann. § 38.004 (Vernon 2008), because the award of attorneys'
fees in this case arose under Texas Civil Practice and Remedies Code section 38.001. 
See id. § 38.001 (allowing recovery of attorneys' fees when claim is based on written
contract); Valdez v. Valdez, 930 S.W.2d 725, 732-33 (Tex. App.--Houston [1st Dist.]
1996, no writ) (holding section 38.004 only applies to claims under section 38.001). 

 4. Amount Involved and Results Obtained

 The fourth factor relates to the amount involved and the results obtained. This
case involved Arabian's attempt to collect on two notes in the principal amounts of
$87,239.85 and $66,855.88, plus interest. Kennedy obtained a judgment for Arabian
in the amount of $302,176.59 plus post-judgment interest.

 5. Time Limitations

 The record is silent concerning the fifth factor, which is the time limitations
imposed by the client or by the circumstances.

 6. Nature and Length of Professional Relationship

 The sixth factor pertains to the nature and length of the professional
relationship with the client. The vice president of Arabian testified that Arabian used
a different attorney in Alsheikh I, then hired Kennedy's law firm to handle the current
suit, which was filed in February of 2007.

 7. Experience, Reputation, and Ability of Lawyer

 The seventh factor considers the experience, reputation, and ability of the
lawyer or lawyers performing the services. Kennedy testified that he practices
commercial litigation and has been licensed by the State of Texas since 1989.

 8. Type of Fee

 The eighth factor considers the type of fee involved. Kennedy testified that a
reasonable fee on an hourly basis would be $80,000. Arabian's vice-president
testified that Arabian agreed to pay Kennedy a 1/3 contingency fee. Kennedy
testified that a 1/3 contingency fee would be reasonable in this case. 

 On appeal, Alsheikh complains that Kennedy did not testify about time spent 

on the case, the novelty and difficulty of the legal questions involved, or several other
of the Arthur Andersen factors. We note that time spent working on the case is only
one consideration for the first Arthur Andersen factor, and that Kennedy did explain
that the case was more difficult and time-consuming than most other cases because
of delay tactics employed by Alsheikh. In addition, evidence need not be submitted
to support every factor. See Bank of Tex. v. VR Elec., Inc., No. 01-07-00308-CV,
2008 WL 5455692, at *12-13 (Tex. App.--Houston [1st Dist.] Dec. 31, 2008, pet.
filed) (holding evidence of attorneys' fees sufficient despite failure of evidence to
address each Arthur Anderson factor); McAlester Fuel Co. v. Carpenter, No. 01-07-00653-CV, 2009 WL 417301, at *6 (Tex. App.--Houston [1st Dist.] Feb. 19, 2009,
no pet. h.) (mem. op.) (holding absence of evidence for two factors does not render
evidence insufficient).

 Alsheikh also complains that Kennedy's testimony was conclusory because
Kennedy stated he took the Arthur Andersen factors into consideration without
identifying underlying facts to support the eight factors. While testifying, Kennedy
identified each factor and stated he took these factors into consideration in forming
his opinions. As set forth above, Kennedy did testify to most of the factors from
Arthur Andersen. We conclude Kennedy's testimony is not conclusory because he
did provide facts to support most of the Arthur Andersen factors and based his
opinions on his experience and knowledge of the practice of law in Harris County. 
See Tex. Commerce Bank v. New, 3 S.W.3d 515, 517-18 (Tex. 1999) (noting affidavit
testimony in support of attorneys' fees was not conclusory and was legally sufficient
where attorney testified he was duly licensed attorney, he was familiar with usual and
customary attorneys' fees in locality, and, based on his knowledge of services
rendered, fee in dispute was reasonable); State & County Mut. Fire Ins. Co. v.
Walker, 228 S.W.3d 404, 409 (Tex. App.--Fort Worth 2007, no pet.) (finding
attorney's testimony not conclusory where "attorney testified about his professional
experience and background and described the work he had performed and the amount
of time spent on the case"). 

 Finally, Alsheikh asserts that a contingent fee may never be reasonable basis
for a court's award of attorneys' fees. Alsheikh cites Arthur Andersen, in which the
Texas Supreme Court states, "[W]e cannot agree that the mere fact that a party and
a lawyer have agreed to a contingent fee means that the fee arrangement is in and of
itself reasonable for purposes of shifting that fee to the defendant." Arthur Andersen,
945 S.W.2d at 818-19. We agree with the Texas Supreme Court that the existence
of a contingency-fee arrangement does not, by itself, make the fee reasonable for
purposes of fee shifting. However, when the Arthur Andersen factors are met, the
award of attorneys' fees on a contingent basis may be appropriate. See Transcon. Gas
Pipeline v. Texaco, 35 S.W.3d 658, 675-76 (Tex. App.--Houston [1st Dist.] 2000,
pet. denied) (holding award of attorneys' fees on contingency basis was reasonable
based on Arthur Andersen factors); see also VingCard A.S. v. Merrimac Hospitality
Sys., Inc., 59 S.W.3d 847, 870 (Tex. App.--Fort Worth 2001, pet. denied) (same).

 Considering all of the record evidence in a light most favorable to the verdict
and indulging every reasonable inference from that evidence in support of the verdict,
legally sufficient evidence exists to uphold the reasonableness of attorneys' fees. See 
Tex. Commerce Bank, 3 S.W.3d at 517-18; Bank of Tex., 2008 WL 5455692, at
*12-13; State & County Mut. Fire Ins. Co., 228 S.W.3d at 409. We overrule
Alsheikh's second issue.Conclusion

 We affirm the judgment of the trial court.

 

 

 Elsa Alcala

 Justice

Panel consists of Chief Justice Radack and Justices Alcala and Hanks.